McCALEB, Justice.
 

 Plaintiff brought this suit for an absolute divorce under R.S. 9 :301, alleging that he
 
 *1035
 
 and defendant had been living separate and apart for more than two years. Defendant filed answer admitting the salient allegations 6f the petition but, averring that plaintiff deserted her without cause and that she was without fault and in necessitous circumstances, prayed that she be awarded alimony.
 

 ■ The trial judge granted plaintiff a divorce and, being of the opinion that defendant was without fault, awarded her alimony in the sum of $7.50 per week. Plaintiff has appealed from the alimony decree.
 

 Article 160 of the Civil Code grants to the wife, who has secured a divorce, a pension or gratuity in the event she is without sufficient means for her maintenance 'and further provides that, if the husband has obtained a divorce solely on the ground that the parties have been living separate and apart for a certain specified period of time, and’ the wife has not been at fault, she may claim this pension which in no case shall exceed one-third of the husband’s income. In applying this Article in cases like this, the court has held that the wife carries the burden of establishing that she was without fault and also that she is in necessitous circumstances. Lloveras v. Reichert, 197 La. 49, 200 So. 817; Abbott v. Abbott, 199 La. 65, 5 So.2d 504; Reich v. Grieff, 214 La. 673, 38 So.2d 381; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Smith v. Smith, 217 La. 646, 47 So.2d 32; Creel v. Creel, 218 La. 382, 49 So.2d 617 and Brown v. Harris, 225 La. 320, 72 So.2d 746.
 

 Plaintiff contends that his former wife has not shown that she was without fault; that, conversely, the evidence discloses that she constantly nagged him and threatened his life on more than one occasion. He further contends that conditions at the home were intolerable because another woman (a friend of his wife) slept many times in the same bed occupied by defendant and himself. Finally, plaintiff asserts that, since defendant was admittedly working and earning $20 per week at the time of trial, she failed to establish that she is in necessitous circumstances.
 

 The parties involved are Negroes, plaintiff being employed as a director of a funeral home, which requires him to be on call at all hours of the day and night. He earns a salary of $50 per week which, after deductions of social security, etc., leaves him take-home pay of $45. Plaintiff and another witness testified that his wife telephoned the funeral home on numerous occasions inquiring as to his whereabouts and that, during these 'calls, she would accuse plaintiff of being unfaithful and curse him.
 

 In rebuttal of this evidence, defendant testified that she never threatened plaintiff’s life but that she had cursed him, as he had cursed her, in the heat of their domestic difficulties. She further stated that, although a friend, Helen Dunn, stayed at the matrimonial domicile on many occasions,
 
 *1037
 
 her presence there was necessary due to the fact that she, defendant, was suffering from a nervous condition, which required that someone be with her, and that plaintiff was never home. However, she did not deny plaintiff’s testimony that Helen Dunn occupied the same bed with plaintiff and herself when plaintiff was home.
 

 Viewing the evidence as a whole, we do not feel justified in concluding that the trial judge erred in holding that defendant was without fault for the cursing and telephone episodes, about which plaintiff and his witnesses testify, do not reflect misconduct of such a serious nature as to constitute fault within the meaning of the statute.
 
 [1]
 

 The impropriety of Helen Dunn occupying the same bed with the parties, which defendant does not deny, would appear to be grave but, giving due consideration to the station in life of the persons involved and the fact that plaintiff apparently acquiesced in this arrangement, we do not believe that this was the fault of the wife or that it had anything to do with plaintiff’s departure from the matrimonial domicile.
 

 On the other hand, we think it exceedingly doubtful that defendant has shown with any degree of reasonable certainty that she is in necessitous circumstances. The only evidence submitted-by her on this score is her statement on direct examination that-she is earning $20 per week but that this sum is insufficient to properly provide for her needs which, according to her answer, to the next question propounded to her, is to be gauged by the standard of support provided her during -the marriage, she stating that it will be necessary for her to have $30 per week to live in the manner to which she was accustomed when she' was married.
 

 It is firmly established by the above cited cases, particularly Fortier v. Gelpi, 195 La. 449, 197 So. 138, and Brown v. Harris, supra, that the test by which the court must be guided in fixing the amount of alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live but what will provide her with sufficient means for her maintenance.
 

 Defendant had the onus of establishing her necessitous circumstances (see Jackson v. Burns, 112 La. 854, 36 So. 756; Abbott v. Abbott and Creel v. Creel, supra) and she does not meet the requirements of law by simply stating that the' salary which she earns is insufficient for her keep. In the
 
 *1039
 
 absence of proof as to the weekly or monthly costs of her food, shelter and clothing, it is impossible to conclude that she is unable to maintain herself on her earnings of $20 per week. Of course, our ruling in this respect does not preclude defendant from hereafter applying for the alimony provided by Article 160 if she is able to prove that she is in necessitous circumstances.
 

 For the foregoing reasons, the award of alimony appealed from is reversed and defendant’s claim is dismissed. Plaintiff is to pay the costs of this appeal.
 

 [1]
 

 . In construing the provisions of Article 160 of the Civil Code in Felger v. Doty, 217 La. 365, 46 So.2d 300, 301, it was observed: “Rather, the word ‘fault’ as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.”