BOLIN, Judge.
This is an action brought by Willie Lyles against his wife, Rosa Pepper Lyles, for a divorce on the basis of two-year continuous separation in fact. In her answer, defendant admitted the two-year separation but prayed for alimony in the amount of $150 per month alleging that the separation was not due to any fault on her part, but on the contrary, resulted from the fault of plaintiff. She also filed a reconventional demand based on the same grounds. The lower court granted the plaintiff a divorce but also awarded alimony in the amount of $75 per month in favor of defendant wife.
Plaintiff appealed suspensively to the Louisiana Supreme Court from that portion of the judgment awarding defendant alimony. By order dated July 1, 1960, the Supreme Court transferred the case to this court in accordance with the provisions of Act 561 of 1958.
Mrs. Lyles’ condition was such that she was unable to testify in the trial of the case even by deposition. She passed away on January 17, 1959, and motion was filed in this court to substitute her sole and only heir, Rosa Lee Rhodes, as appellee. Pursuant to this motion, an order was signed authorizing this substitution.
The record shows that the parties were married in Jackson Parish, Louisiana on February 7, 1948, at which time plaintiff was a student at Louisiana Tech and was about *860 twenty-three years of age while Mrs. Lyles was about forty-two years of age. At the time of the marriage the husband was drawing an allowance from the United States Government as a result of his military service and his wife was employed. Unfortunately, within less than one year after marriage, Mrs. Lyles suffered some sort of heart ailment and was unable to work, but soon the plaintiff was able to find employment, and had been continuously employed until the date of the trial below, at which time he was making $400 per month. The parties lived at Ansley, in Jackson Parish for about six years and then built a home of their own in the country where they continued to maintain their domicile until on or about January 5, 1956.
On the latter date, Mrs. Lyles left the family home and moved to the home of her mother at Ruston, in Lincoln Parish, Louisiana, where she resided at the time of the trial of this case. Following the separation, plaintiff sold the home in Jackson Parish and moved to Lincoln Parish where he also resided on the date of the trial below.
Plaintiff contends that his wife left the matrimonial domicile without cause, had not returned and, therefore, violated her marital vows by desertion which precludes her from obtaining a judgment of alimony. Mrs. Lyles contends that the actions of plaintiff were such as to justify her in leaving the family home and that the separation was not her fault; she being, therefore, entitled to alimony. The determination of this question is the principal issue presented to this court on appeal.
The applicable law with regard to the legal question presented herein for determination is contained in LSA-C.C. Article 160 which states:
“ * * * where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of ■ such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.”
In construing this article it has been consistently held that the wife carries the burden of establishing that she was without fault. Vinot v. Vinot, 1960, 239 La. 587, 119 So.2d 474. In the instant case it was the wife who left the matrimonial domicile, and therefore she must show that the husband’s treatment of her rendered it unbearable for her to live with him. Richards v. Garth, 1953, 223 La. 117, 65 So.2d 109. If the husband’s fault provokes the wife into quitting the marital relationship, she is considered to be free of fault for the purpose of awarding alimony under LSA-Civil Code, Article 160. Kendrick v. Kendrick, 1958, 236 La. 34, 106 So.2d 707.
This issue then resolves itself into one of fact: Has the wife sustained the burden of proving she was without fault?
In her answer and reconventional demand for alimony, Mrs. Lyles alleged that the cause for her leaving home was the attitude of her husband toward visits of members of her family which visits complained of consisted of those made by a married daughter of Mrs. Lyles, her sister and mother. There is no evidence in the record which shows that Mr. Lyles ever complained directly to these relatives and they became aware of his attitude only after a prior separation had been reconciled by efforts of neighbors of the parties herein concerned.
The trial court found as fact that the separation was not due to the fault of Mrs. Lyles and stated in connection therewith :
“ * * * It is believed that a preponderance of the evidence establishes that Mr. Lyles made matters so un *861 pleasant for his wife that, after she reached the state that she could stand it no longer, she left the matrimonial domicile and has not returned. The evidence does establish that she had just cause in leaving him and that she was not at fault in bringing about the separation.”
We believe that the record sustains such a finding and that Mrs. Lyles was entitled to alimony. The appellee has not answered the appeal and requested an increase in the award of alimony, therefore, that issue is not before this court.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended and recast to read as follows :
There is judgment in favor of the substituted defendant-appellee, Rosa Lee Rhodes, and against plaintiff-appellant, Willie Lyles, in the amount accrued at the rate of $75 per month from date of June 1, 1958 to the date of January 17, 1959, inclusive, and as so amended and recast the judgment is affirmed at appellant’s cost.
Amended and as amended, affirmed.