216 So.2d 391 (1968)
Mary SMITH, Plaintiff-Appellee,
v.
Louis C. SMITH, Defendant-Appellant.
No. 2497.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
*392 Pegues & McReynolds, by Wilbert E. McReynolds, DeRidder, for defendant-appellant.
Mitchel M. Evans, DeRidder, for plaintiff-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff wife, Mary Smith, filed suit for separation from bed and board from her husband, Louis C. Smith. She later amended her petition seeking an absolute divorce on the grounds of adultery or in the alternative a separation from bed and board on the grounds of cruelty. The trial judge granted the wife an absolute divorce on the grounds of adultery and awarded her permanent alimony in the sum of $125 per month. The defendant appealed.
On appeal, the husband does not deny the wife is entitled to an absolute divorce on the grounds of adultery. His sole complaint is that he was not allowed to introduce evidence of his wife's fault for the purpose of defeating her claim for alimony.
In his answer, the defendant alleged a number of things which, if proved, could have been relevant to the issue of the wife's fault, such as: (1) that she had not slept in the room with him for 2 ½ years and refused to act like a wife should; (2) that she refused to occupy the marital bed with him; (3) that she refused to recognize his position as the head of the family; (4) that she encouraged their minor daughter to marry against his wishes when she had not completed her high school education; (5) that she relentlessly complained and nagged; (6) that she degraded and belittled him in the presence of the children; (7) that she threatened his life, even to putting poison in his food; and (8) that she left the marital home without just cause.
During the trial, the defendant attempted to introduce evidence to prove the alleged fault on the part of his wife for the purpose of defeating her claim for alimony, even though he stated to the court that he did not wish to contest the divorce. The district judge sustained plaintiff's objection to defendant's evidence of the wife's fault. The rationale of the judge's ruling is that if the wife is granted a divorce on the grounds of adultery, the husband cannot contend she is guilty of fault barring alimony.
We think the trial judge was in error. The pertinent statute is LSA-C.C. Art. 160, which reads as follows:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the *393 husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries. (As amended Acts 1964, No. 48, § 1.)"
The Comment of the Louisiana State Law Institute with reference to the 1964 Amendment to Art. 160 reads in pertinent part as follows:
"(c) This amendment makes it clear, through the inclusion of the language `(w)hen the wife has not been at fault' in the preamble, that the wife who obtains the divorce is not entitled to alimony unless she has been without fault. When this code article was adopted in 1870, no divorce could be granted unless the plaintiff was free of fault. Then followed the statute providing that living separate for seven years (eventually shortened to two years) entitled either of the spouses to a divorce. A history of these statutes, and of the prior amendments to Article 160, is to be found in August v. Blache, 200 La. 1029, 1034-1036, 9 So.2d 402, 403, 404 (1942). In Sachse v. Sachse, 150 So.2d 772 (La. App.1st. Cir. 1963), it was held that even when the wife obtains the divorce she must prove her freedom from fault to obtain alimony. See, to substantially the same effect, McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956). However, there appears to be a contrary holding in Moreau v. Moreau, 142 So.2d 423, 424 (La.App. 3d Cir. 1962), weakened to some extent by the fact that the intermediate appellate court found as a fact that the wife was free of fault, 142 So.2d at 426, 427. See, also, the concurring opinion of McCaleb, J., in McKnight v. Irving, supra. So, unless the wife's freedom from fault was made applicable to all three subdivisions of the amended article, this amendment probably would have been construed as a legislative reversal of Sachse v. Sachse, supra. The Law Institute considered the holding of the latter to be the sounder public policy."
As stated by the Comment of the Louisiana State Law Institute, the inclusion of the language, "When the wife has not been at fault" in the preamble, makes it clear that even in a case where the wife obtains a divorce, she must prove she "has not been at fault" if she demands alimony. It is contended by the wife that the rule as stated applies only in the situation where the wife obtains a divorce on the grounds of living separate and apart for two years or on the grounds that there has been no reconciliation for over a year after a judgment of separation from bed and board. It is apparent from a mere reading of LSA-C.C. Article 160 that it places no such limitation on the situation where "1. The Wife obtains a divorce;" A wife can obtain an immediate divorce on the grounds of infamous punishment or adultery on the part of the husband, LSA-C.C. Article 139. Certainly we cannot say that the Louisiana State Law Institute or the legislature overlooked this at the time of the 1964 amendment. In our view, the words of the article as amended are "clear and free from all ambiguity" and must be applied as written, LSA-C.C. Article 13.
We see nothing in our construction of Article 160 which is absurd or which is inconsistent with the traditional principle of our law that only the wife who has not been at fault shall be entitled to demand alimony after divorce. This principle *394 was finally vindicated in Sachse v. Sachse, 150 So.2d 772 (La.App. 1 Cir. 1963) after the inconsistency of some applications of the pre-1964 Article 160 had been hinted at in McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956), particularly in Justice Macaleb's concurring opinion therein. These ideas were further developed in The Work of the Louisiana Supreme Court for the 1955-56 Term 17 La.L.Rev. 294, at pps. 308-309, where PROFESSOR ROBERT A. PASCAL discusses McKnight v. Irving. There can be no doubt that the purpose of the 1964 amendment to Article 160 was to follow the principle, enunciated in these authorities, that the wife at fault should not recover alimony, even though she obtains the divorce.
The word "fault" in LSA-C.C. Article 160 was defined in the landmark case of Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950) as follows:
"But the word `fault', as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exception as between a husband and his wife. Rather, the word `fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."
The definition of "fault" as given in Felger v. Doty, supra, has been followed in Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Chapman v. Chapman, 130 So.2d 811 (La.App.) and Vinot v. Vinot, 239 La. 587, 119 So.2d 474.
The essence of this definition is that fault is conduct which constitutes grounds for separation or divorce, other than mere living separate and apart for a specified period of time. In the present case the husband has alleged cruel treatment, an attempt against his life and abandonment of the marital home without just cause, any of which, if proved, are grounds for separation from bed and board, LSA-C.C. Article 138. He must be allowed to introduce his evidence to prove these allegations.
For the reasons assigned, the judgment appealed is affirmed as to the divorce. The alimony award is reversed and set aside and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein on that issue. All costs of this appeal are assessed against the plaintiff appellee.
Affirmed in part, reversed and remanded in part.