239 So.2d 494 (1970)
Hartwig M. ADLER
v.
Janet Pintado ADLER.
No. 3877.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
Rehearing Denied October 5, 1970.
Writ Refused December 14, 1970.
Polack, Rosenberg & Rittenberg, Patrick M. Reily, New Orleans, for plaintiff-appellant.
Garrett & Carl, Clifton S. Carl, New Orleans, for defendant-appellee.
Before REGAN, SAMUEL and SWIFT, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit against his wife for a divorce on the ground, under LSA-R.S. 9:301, that they had lived separate and apart continuously for a period of two years or more. Defendant answered, reconvened for a divorce for herself on the same ground and, alleging she was without fault, sought alimony after divorce, or what is usually referred to as permanent alimony.
Following trial on the merits judgment was rendered in favor of the husband granting him a divorce and in favor of Mrs. Adler only to the extent of finding *495 her without fault and therefore entitled to alimony after divorce; but the judgment rejected Mrs. Adler's prayer for present alimony, upon a further finding that she had personal property sufficient for her support, and reserved to her the right to apply for alimony in the future. Dr. Adler has appealed from that portion of the judgment which holds his wife was without fault and therefore entitled to alimony after divorce. Mrs. Adler has answered the appeal seeking a reversal of that portion of the judgment which denies her present alimony.
The record, which consists of the testimony of the two litigants, plaintiff's three children and a former employee who had worked as a maid for the litigants while they were living together, discloses the following facts:
The litigants were married to each other on October 25, 1962 and lived together until January 28, 1966 when Mrs. Adler moved out of the matrimonial domicile. They lived separate and apart continuously since January 28, 1966. This suit was filed on January 29, 1968. At the time of the marriage plaintiff was a widower with three children, a 13 year old girl and two boys, ages 12 and 11. It appears there was almost constant friction between Mrs. Adler and the children, principally because the latter objected to the strict rules she required them to follow. They were to return home immediately after school and request permission before going elsewhere; if permission was not given they were to go to their rooms and do homework until dinner; they were not to disturb their father at dinner with any problems; they were given daily chores, admonished not to fight and told to stay home and play in their own side yard; and they were not allowed to invite friends to their home. Until shortly before defendant left the matrimonial domicile, plaintiff always directed the children to obey Mrs. Adler and refused to intercede on their behalf.
Mrs. Adler admitted she visited friends from her former marriage but did not invite them to her home and that she often came home late at night. She was frequently late for dinner and on many occasions came home disheveled and appeared to have been drinking. With increasing frequency as time went on, she started arguments over trivialities with her husband at the dinner table, the sole occasion when the family appears to have been together, yelling at him in the presence of the children. Mrs. Adler accused plaintiff of numerous infidelities, even including an incestuous relationship with his daughter, and the record contains no evidence of any kind indicating these accusations, or any of them, were true. Plaintiff was concerned and arranged for her to see a psychiatrist, but she refused to cooperate. On a Hawaiian vacation she berated him for writing a note of condolence to a former patient who had lost her husband, implying plaintiff had had an affair with the patient.
A month before the separation plaintiff relieved his wife of all marital responsibilities, moved out of the bedroom, closed out her charge accounts, discontinued the $105 weekly allowance he had been providing her for household expenses, and took over the management of the family finances, paying for the groceries and the maids himself.
The appeal and the answer thereto present two questions for our consideration: (1) whether Mrs. Adler was without fault such as would bar her from permanent alimony; and (2) if she was without such fault and is entitled to such alimony, whether she now has insufficient means for her support and therefore should receive present alimony. Both questions are governed by LSA-C.C. Art. 160 which, insofar as applicable to the facts of this case, provides that the wife is entitled to alimony when she "* * * has not been at fault, and she has not sufficient means for her support, * * *."
The jurisprudence under the article is well settled. The wife is not deprived *496 of alimony after divorce simply because she was not totally blameless in the marital discord. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707; Olivier v. Abunza, 226 La. 456, 76 So.2d 528; Chapman v. Chapman, La.App., 130 So.2d 811. To constitute fault within the meaning of Article 160, the wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Kendrick v. Kendrick, supra; Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457; Felger v. Doty, 217 La. 365, 46 So.2d 300; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Chapman v. Chapman, supra; Davidson v. Jenkins, La.App., 216 So.2d 682; Smith v. Smith, La.App., 216 So.2d 391; Reynolds v. Reynolds, La.App., 228 So.2d 182. And the wife bears the burden of proving with reasonable certainty both the fact that she was free from fault and the fact that she has not sufficient means for her support. Vicknair v. Vicknair, supra; Richards v. Garth, 223 La. 117, 65 So.2d 109; Hawthorne v. Hawthorne, supra; Davidson v. Jenkins, supra; Gradney v. Gradney, La.App., 191 So.2d 161; Calloway v. Calloway, La.App., 139 So.2d 55; Chapman v. Chapman, supra; Primus v. Primus, La.App., 129 So.2d 925; Lyles v. Lyles, La.App., 126 So.2d 859.
While questioning the propriety of Mrs. Adler's conduct, the trial judge found it was brought about by the conduct of the children and the atmosphere of the home. We agree that difficulties were encountered. But our review of the record convinces us that much of the atmosphere and many of the difficulties were caused by the conduct of Mrs. Adler in frequently promoting discord, coming home late at night, drinking, accusing her husband of marital infidelities and failing to cooperate in seeking medical treatment when he attempted to help her with her problems. The record fails to reveal any initial fault on the part of Dr. Adler. On all occasions prior to the month before the separation he admonished the children to obey Mrs. Adler, refusing to intercede on their behalf, and attempted to lessen the friction between them.
Under these circumstances, especially in view of the fact that the record shows fault on the part of the defendant, which fault contributed to the separation, was a primary cause thereof and was not provoked by the plaintiff, quite clearly the defendant has failed to carry her burden of proving she was free from the fault contemplated by LSA-C.C. Art. 160.
We conclude Mrs. Adler was at fault and therefore is not entitled to alimony after divorce. This conclusion, of course, renders unnecessary a consideration of the second issue, presented by the answer to the appeal, relative to the sufficiency of the wife's means as affecting present alimony.
For the reasons assigned, the judgment appealed from is affirmed in part, reversed in part and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment, on the main demand, in favor of the plaintiff in suit, Hartwig M. Adler, and against defendant in suit, Janet Pintado Adler, decreeing a divorce a vinculo matrimonii between them.
It is further ordered, adjudged and decreed that there be judgment, on the reconventional demand, in favor of defendant in reconvention, Hartwig M. Adler, and against plaintiff in reconvention, Janet Pintado Adler, dismissing said reconventional demand and particularly denying the claim made by plaintiff in reconvention for alimony after divorce.
It is further ordered, adjudged and decreed that all costs in both courts be paid by plaintiff in suit, Hartwig M. Adler.
Affirmed in part, reversed in part and recast.