349 So.2d 909 (1977)
Phyllis Ann Hollibaugh BENNETT
v.
Elmer F. BENNETT.
No. 11378.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 14, 1977.
*910 Garic K. Barranger, Covington, for plaintiff-appellant.
Guy L. Deano, Jr., Covington, Mark W. Malloy, New Orleans, for defendant-appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff sued defendant for divorce on the grounds of adultery. Defendant reconvened seeking a divorce based on living separate and apart for one year without reconciliation after a judgment of separation. The trial court dismissed the plaintiff's demand and granted judgment in favor of the defendant on his reconventional demand. Plaintiff has appealed.
The issues on appeal are:
1. Whether the trial court erred in holding defendant was not guilty of adultery; and
2. If defendant be found guilty of adultery, does plaintiff have the right to alimony after divorce even though she was found at fault in the separation proceedings.
We reverse and render.
Defendant obtained a judgment of separation against plaintiff in 1974, on the ground of habitual intemperance. Subsequently, he began dating a Mrs. Joan Burton. The two admitted taking trips together, some with other members of their families and some without. Both admitted occupying one room overnight in hotels and motels. Defendant admitted that he had attempted to have sexual intercourse with Mrs. Burton, but that he had failed because of his impotence, resulting from a vasectomy. He admitted to being in good health otherwise, and his occupation as an airline pilot demands good health. It is also significant that defendant failed to mention his impotency in his deposition, although it was highly relevant to the line of questioning by plaintiff's counsel. Mrs. Burton denied any sexual intercourse.
To prove adultery, the circumstantial evidence must be so strong that no other reasonable conclusion can be drawn. See Breaux v. Breaux, 323 So.2d 486 (1st Cir. 1975); Hermes v. Hermes, La., 287 So.2d 789 (1973).
Defendant has admitted every circumstance from which one might infer an adulterous relationship, including his desire and efforts to achieve it. He denied only his ability to commit adultery, but offers no medical evidence to support this, although it should be easily obtainable. We hold that the trial judge was manifestly erroneous in accepting the self-serving testimony of defendant and Mrs. Burton, rather than *911 the overwhelming circumstantial evidence to the contrary.
This court is well aware of the great weight which must be given to the factual conclusions of the trial judge, especially when these conclusions are based on the credibility of witnesses. See Billiot v. Bourg, La., 338 So.2d 1148 (1976) and Dyson v. Gulf Modular Corporation, La., 338 So.2d 1385 (1976). However, we do not believe any reasonable conclusion can be drawn from the admitted conduct of defendant and Mrs. Burton other than that an adulterous relationship existed between them. We therefore conclude that the divorce should have been awarded to Mrs. Bennett on the grounds of adultery.
Mrs. Bennett further claims that she is entitled to post-divorce alimony. LSA-C.C. Article 160 provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person."
We believe that the proper interpretation of this article precludes Mrs. Bennett from obtaining post-divorce alimony even though she is granted the divorce on grounds of adultery because she has been found at fault in the separation. In Fulmer v. Fulmer, La., 301 So.2d 622 (1974), the court, while not confronted with our exact issue, made the following statement:
"Thus, the determination of marital fault by the separation judgment should be conclusive as to the legal cause of the separation, no matter upon what ground the divorce is sought."
The court also said:
"Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault for purposes of deciding whether the wife is entitled to alimony under Article 160."
It is true that the court added:
"Such a conclusion is, of course, not applicable if the divorce is sought for post-separative fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation."
However, the initial words of Article 160 requires that the wife "has not been at fault," without limitation to the divorce proceeding only, and we therefore hold that since plaintiff was found to be legally at fault in the separation, she may not now claim post-divorce alimony, despite the fault of her husband in the divorce.
The judgment of the trial court is therefore reversed, and judgment is rendered in favor of the plaintiff and against the defendant, granting to her an absolute divorce. Judgment is further rendered in favor of the defendant and against the plaintiff denying her post-divorce alimony. All costs are to be borne equally by the parties.
REVERSED AND RENDERED.