362 So.2d 1164 (1978)
Edith Estelle Compton BRANNON, Plaintiff-Appellant,
v.
Ronald Craig BRANNON, Defendant-Appellee.
Edith Estelle Compton BRANNON, Plaintiff-Appellant,
v.
Ronald Craig BRANNON, Defendant-Appellee.
Nos. 13608, 13609.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1978.
*1165 Love, Rigby, Dehan & Love by Sam P. Love, Jr., Shreveport, for plaintiff-appellant.
Glen H. Smith, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
In these consolidated domestic proceedings plaintiff-wife appeals a judgment granting her a divorce on the defendant's adultery and denying her permanent alimony because her fault contributed to the separation. We affirm.
On April 12, 1977, following an argument between the spouses, plaintiff-wife packed her bags and left the matrimonial domicile. *1166 She contended she left because her husband mistreated her by unnecessarily yelling and cursing her, telling her of his desire for separation and refusing to permit her to stay in their home. The husband denies these allegations explaining that when plaintiff left, he was studying for important employment related tests which he was to take the following week. He testified plaintiff inquired as to whether he wanted a separation, but he stated he wanted to delay any discussion until after his exams. Upon the persistence of his wife and after a heated conversation he explained to her he did not want her to leave and did not desire a separation, but if she wanted to leave, he would not stop her.
A few days following her departure, the wife called attempting to reconcile, but the husband at this time refused to allow her to return because he had learned of several sexually promiscuous activities which his wife had performed in public and of which he had previously been unaware. The husband considered the embarrassment which he endured following the acquisition of this knowledge to be a continuation of cruel treatment to which he had been subjected by his wife throughout the marriage and which he could no longer continue to endure.
On May 19th, the wife sued for a separation alleging the husband's cruel treatment and constructive abandonment. The husband reconvened for separation on the wife's cruel treatment. On November 14th, the wife filed suit for divorce on the husband's adultery which occurred on November 2nd and 3rd. These separation and divorce cases were consolidated for trial.
The trial court without giving reasons for judgment awarded the wife a divorce, but denied her permanent alimony finding she was mutually at fault in causing the separation of the parties.
The judge during trial refused to dismiss upon her motion plaintiff's divorce suit either with or without prejudice.
The only errors urged on appeal are (1) failure of trial court to grant plaintiff's motion to dismiss with prejudice the wife's suit for divorce and (2) denial to plaintiff of permanent alimony because of the trial judge's erroneous finding of serious fault on wife's part which contributed to the deterioration of the marriage.

Failure To Grant Motion To Dismiss
On the first day of trial plaintiff-wife voluntarily sought to dismiss her divorce suit without prejudice. The trial court denied plaintiff's motion to dismiss. Plaintiff then proceeded to introduce the testimony of two witnesses to prove the husband's adultery. On second trial day plaintiff sought to dismiss the divorce suit with prejudice which motion was denied. The reason why the wife desired to dismiss her divorce suit was to protect her pendente lite alimony in the event the court found her fault contributed to the dissolution of the marriage. Though the plaintiff objected to the refusal to grant the dismissal, she continued to introduce evidence to prove the adultery. She testified she wanted a divorce or alternatively a separation.
The trial judge is required to grant a motion to dismiss without prejudice which is filed before the defendant enters a general appearance. When a dismissal is sought following a general appearance, the trial judge, while still required to dismiss the case, has within his discretion the option of dismissing with or without prejudice. C.C.P. Article 1671.[1]
When the court refused to grant the dismissal, the mover could have sought supervisory writs to compel the judge to dismiss or she could have declined to introduce evidence to establish adultery which was the ground for divorce in the suit she sought to *1167 dismiss. By taking neither of these courses of action and by continuing with trial to judgment, plaintiff has acquiesced in the denial of her motion to dismiss and has waived any right to assert on appeal the trial court's error in refusing to grant the dismissal. C.C.P. Article 2085; Luquette v. Decker, 273 So.2d 570 (La.App. 1st Cir. 1973).

FAULT OF THE WIFE WHICH OPERATES TO DENY HER PERMANENT ALIMONY
There was no prior separation judgment and this adjudication of mutual fault in these consolidated divorce and separation proceedings was the initial determination of the wife's fault.
A wife who has not been at fault and has not sufficient means for her support is entitled to receive alimony after divorce. C.C. Article 160.[2]
Fault which will deny the wife alimony has been defined to be conduct or substantial acts of commission or omission by the wife violative of her marital duties. Pearce v. Pearce, 348 So.2d 75 (La.1977). The wife's misconduct must be of a serious nature and must independently contribute to or cause the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). "The essence of this definition is that fault is conduct which constitutes grounds for separation or divorce, other than mere living separate and apart for a specified period of time." Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968). The wife has the burden of proving freedom from fault in order to be entitled to alimony following divorce. Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir. 1963); Smith v. Smith, supra.
The determination of fault in the separation proceeding bars relitigation of pre-separation fault for the purpose of an award of alimony to the wife in a proceeding for final divorce. Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
When the wife is adjudicated at fault in a separation proceeding, she is barred from recovery of permanent alimony even though the husband's post-separation fault entitled her to a divorce. Bennett v. Bennett, 349 So.2d 909 (La.App. 1st Cir. 1977) writ refused; Bruner v. Bruner, 356 So.2d 1101 (La.App. 2d Cir. 1978) writ granted 358 So.2d 641 (La.1978).
Though a wife is adjudicated free of fault in a separation proceeding, she is not entitled to alimony if she is guilty of post-separation fault which would entitle her husband to a divorce. Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977). Writ refused.
In the recent case of Thomason v. Thomason, 355 So.2d 908 (La.1978) the wife sought a divorce on the conviction and sentence of her spouse to imprisonment at hard labor. The husband reconvened for divorce on the wife's adultery. The trial court denied both demands for divorce finding "mutual fault". The court of appeal affirmed on the wife's appeal. The Supreme Court reversed granting the wife a divorce, but affirmed the trial court's finding of mutual fault of the spouses.
The case did not involve the issue of alimony, however at page 912, footnote 8, the Supreme Court commented:
Although the question of alimony was not raised at this time, we note that equal fault by both parties was determined in this proceeding even though it was the *1168 wife who obtained the divorce. The fault by each was of a serious nature and an independent contributory cause of the divorce and such that would bar the recovery of alimony under CC 160. See Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). In Fulmer v. Fulmer, 301 So.2d 622 (La.1974), we held that the determination of fault in a separation proceeding is conclusive of pre-separation fault and cannot be relitigated. To the same effect, determination of fault in a proceeding for immediate divorce is conclusive for purposes of permanent alimony following divorce. Thus, neither party in the instant suit would be entitled to alimony.
The Thomason case is analogous to the facts here presented for the reason that in neither case had there been a prior adjudication of fault and in the initial proceedings aimed at dissolution of the marriage the trial court made an adjudication of mutual fault.
In Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968), a case factually similar to the one presented on appeal, the wife sued for a separation then later amended her petition to seek a divorce on adultery or alternatively a separation on her husband's cruel treatment. The trial court granted the wife the divorce and awarded her permanent alimony. The lower court refused to allow the husband the opportunity to introduce evidence to prove fault on the part of the wife so as to deny her permanent alimony. The Third Circuit reversed the alimony award and remanded to determine if the wife was at fault. The court made no distinction as to when the fault must occur, pre-separation or post-separation.
In the event the plaintiff-wife is guilty of fault, she is not entitled to alimony even though she is entitled to a divorce because of her husband's adultery.
There is evidence in the record of the following acts of the wife which constitute conduct and acts of omission and commission in the nature of cruel treatment towards the husband: (1) failure to properly take her medicine, obtain sufficient rest and avoid strenuous physical activities necessary to control and prevent incapacitating illness due to chronic hypertension; (2) refusing to sleep with her husband after creating sickness due to the conduct set forth above; (3) refusal to communicate with her husband and to sleep with him for no cause other than her own displeasure and anger at him; (4) attempting to abandon her husband and leave the matrimonial domicile on 5 separate occasions during the five year marriage, including the April 12, 1977 abandonment which brought an end to the cohabitation between the parties; (5) subjected her husband to embarrassment and humiliation by the following conduct in the presence of their mutual friends in Dusty Roads Motorcycle Club: (a) verbal abuse directed toward belittling the husband; (b) using unladylike, vulgar and profane language; (c) displaying her posterior and breasts; (d) grabbing with her hand part of the reproductive organs of a male friend; (e) dancing with a male friend in a lewd manner.
The plaintiff argues the foregoing conduct occurred prior to the separation and was therefore condoned by the husband and for this reason could not be considered fault on part of wife to justify denial of permanent alimony. While the evidence does establish that numerous incidents of the above acts of cruel treatment occurred prior to the physical separation, there is a sufficient pattern to said conduct that continued through the date of separation to justify a finding that the husband's forbearance in enduring the cruel treatment was based upon a desire to save the marriage rather than a true forgiveness of the wife for the cruel treatment to which she had subjected him. See Gibbon v. Gibbon, 337 So.2d 298 (La.App. 2d Cir. 1976) and Carriere v. Carriers 147 So.2d 668 (La.App. 3rd Cir. 1962). The final act of abandonment together with the husband's discovery of public acts by the wife which embarrassed and humiliated him are sufficient basis for his refusal to reconcile with her.
The trial judge is granted much discretion in weighing the credibility of the witnesses *1169 and in determining the factual issue of the wife's fault and his finding will not be disturbed on appeal unless manifestly erroneous. Pearce v. Pearce, supra, and the cases cited therein. There is evidence in the record to support the trial judge's finding of fault of the wife which had not been condoned and that contributed to the dissolution of the marriage.
For reasons assigned, judgment is affirmed at appellant's cost.
NOTES
[1] A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice. C.C.P. Article 1671.
[2] When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:

1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminate[d] if the wife remarries. (Art. 160. As amended by Acts 1964, No. 48, § 1.)