364 So.2d 1015 (1978)
Frank W. BRUNER, Jr.
v.
Mavis Smith BRUNER.
No. 62147.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
*1016 Booth, Lockard, Jack, Pleasant & LeSage, H. F. Sockrider, Jr., Shreveport, for defendant-appellant.
Francis M. Gowen, Jr., Shreveport, for plaintiff-respondent.
CALOGERO, Justice.
We granted writs on application of the wife in this proceeding who complains of a Court of Appeal ruling that her pre-separation fault, determined in the separation proceedings, bars her receipt of post-divorce alimony, notwithstanding that divorce was granted on the basis of the husband's post-separation adultery. By a second assignment of error the wife also contends that both lower courts erred in refusing to admit evidence by which she sought to prove that her pre-separation fault, habitual intemperance, was not really fault at all, but rather a medical condition caused by alcoholism and menopause.[1]

WIFE'S ENTITLEMENT TO PERMANENT ALIMONY
Louisiana Civil Code article 160 as amended in 1964 provides as follows:
"Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which has no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
A literal application of the article will bar this wife's receipt of post-divorce alimony, for as the First Circuit Court of Appeal noted in Bennett v. Bennett, 349 So.2d 909 (La.App. 1st Cir. 1977) the language of Article 160 is explicit and the requirement that the wife be free from fault is "without limitation to the divorce proceedings only . . . ."
Nonetheless, the wife contends that she is entitled to post-divorce alimony when she is free from post-separation fault and when she obtains the subsequent divorce based on the husband's post-separation fault, particularly, as in this case, the husband's post-separation adultery. She relies primarily on certain language in Fulmer v. Fulmer, 301 So.2d 622 (La.1974) in which a husband obtained a divorce under R.S. 9:302 based on the lapse of one year and sixty days (without reconciliation) from a separation *1017 judgment in favor of the wife because of the husband's pre-separation fault. We concluded in Fulmer that the determination of fault in a separation proceeding bars relitigation of that issue for the purpose of deciding whether the wife is entitled to alimony under Article 160.
The language of Fulmer upon which relator relies is as follows:
"Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation." At 629. (Emphasis provided)
Relator interprets this language to mean that the determination that a wife has been at fault pre-separation deprives her of the right to post-divorce alimony when a divorce is later granted on the basis of non-reconciliation, but not when a divorce is later granted on the basis of the husband's post-separation fault, such as the proven adultery in this case. Although, as the respondent contends, the language in Fulmer is subject to more than one interpretation, we find that it does lend some support to the wife's argument. Nonetheless as the Court of Appeal in this case noted, the discussion of the issue is merely dicta, for it was not central to the holding in Fulmer that a wife's pre-separation fault determined in the separation proceedings is not subject to relitigation.
We proceed therefore to consider the res nova issue with which we are here presented.
The jurisprudence of Louisiana has consistently held that a wife cannot obtain permanent alimony if she has been at fault in causing separation or divorce. In Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970), it was stated:
"To constitute fault within the meaning of Article 160, the wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Kendrick v. Kendrick [236 La. 34, 106 So.2d 707], supra; Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457; Felger v. Doty, 217 La. 365, 46 So.2d 300; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Chapman v. Chapman [La.App., 130 So.2d 811], supra; Davidson v. Jenkins, La.App. 216 So.2d 682; Smith v. Smith, La.App., 216 So.2d 391; Reynolds v. Reynolds, La.App., 228 So.2d 182. And the wife bears the burden of proving with reasonable certainty both the fact that she was free from fault and the fact that she has not sufficient means for her support. Vicknair v. Vicknair, supra; Richards v. Garth, 223 La. 117, 65 So.2d 109; Hawthorne v. Hawthorne, supra; Davidson v. Jenkins, supra; Gradney v. Gradney, La.App., 191 So.2d 161; Calloway v. Calloway, La.App., 139 So.2d 55; Chapman v. Chapman, supra; Primus v. Primus, La.App., 129 So.2d 925; Lyles v. Lyles, La.App., 126 So.2d 859." At 496.
In Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968), the Third Circuit Court of Appeal was faced with a situation in which a wife sought an absolute divorce on the grounds of adultery without first obtaining a judicial separation. The trial court awarded the wife a divorce and alimony without allowing the husband to introduce evidence of the wife's fault in an attempt to defeat her claim for alimony. On the husband's appeal, the Smith court remanded the case to allow the husband to introduce evidence of the wife's cruelty or other fault and specifically stated that under Article 160 her fault would defeat her claim for *1018 post-divorce alimony even though the divorce was based on the husband's adultery. That court stated as follows:
"We see nothing in our construction of Article 160 which is absurd or which is inconsistent with the traditional principle of our law that only the wife who has not been at fault shall be entitled to demand alimony after divorce. This principle was finally vindicated in Sachse v. Sachse, 150 So.2d 772 (La.App. 1 Cir. 1963) after the inconsistency of some applications of the pre-1964 Article 160 had been hinted at in McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956), particularly in Justice Macaleb's concurring opinion therein. These ideas were further developed in The Work of the Louisiana Supreme Court for the 1955-56 Term 17 La.L.Rev. 294, at pps. 308-309, where PROFESSOR ROBERT A. PASCAL discusses McKnight v. Irving. There can be no doubt that the purpose of the 1964 amendment to Article 160 was to follow the principle, enunciated in these authorities, that the wife at fault should not recover alimony, even though she obtains the divorce.

The definition of `fault' as given in Felger v. Doty [217 La. 365, 46 So.2d 300 (1950)], supra, has been followed in Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Chapman v. Chapman, 130 So.2d 811 (La.App.) and Vinot v. Vinot, 239 La. 587, 119 So.2d 474.
The essence of this definition is that fault is conduct which constitutes grounds for separation or divorce, other than mere living separate and apart for a specified period of time. In the present case the husband has alleged cruel treatment, an attempt against his life and abandonment of the marital home without just cause, any of which, if proved, are grounds for separation from bed and board, LSA-C.C. Article 138." At 393-94. (Emphasis provided)
The more recent case of Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977), also quite pertinent here, involved a situation which is the converse of the situation at bar. The wife who had obtained a judicial separation was innocent of pre-separation fault; however she was guilty of post-separation fault, adultery. The Third Circuit Court of Appeal denied the wife permanent alimony under Article 160 based upon the proposition that the wife must not only be free from pre-separation fault but also free from post-separation fault to qualify for permanent alimony. That court went on to state:
"In Smith, we made it clear that the wife's fault may be urged as a defense to her claim for alimony even though the wife obtains the divorce. After discussing Article 160 (as amended by Act 1964, No. 48, Sec. 1), and the comments of the La.Law.Inst. with reference to Article 160, we held in Smith : `The wife at fault should not recover alimony even though she obtains the divorce.' In Smith, the wife had obtained a divorce based on the husband's adultery.
Our holding in this case does not contravene the considerations of judicial economy underlying the Fulmer decision. Fulmer was aimed at stopping re-litigation of pre-separation fault. It was not intended to prevent litigation of post-separation fault, where such litigation occurs in the course of the husband's defense against the wife's alimony claim. It would be incongruous, indeed, to hold that a judicial determination of the husband's pre-separation is determinative of the issue of the wife's post-separation fault." At 172-73.
Also supportive of respondent's position is the case of Richardson v. Richardson, 275 So.2d 845 (La.App. 4th Cir. 1973), in which Article 160 was interpreted as follows: "According to the Article and the comments following, it is clear that a wife is not entitled to alimony after divorce unless she has not been at fault in bringing about separation or divorce.' At 846. (Emphasis provided)
The identical issue with which we are confronted was presented to the First Circuit in the case of Bennett v. Bennett, supra which arose after Fulmer. There, as *1019 here, the husband obtained a judicial separation from his wife based upon the wife's pre-separation fault, habitual intemperance. After the judicial separation the wife obtained a divorce from her husband on the grounds of adultery. The Bennett court followed the rationale that the wife's pre-separation fault disqualified her from alimony under Article 160 although her husband was guilty of serious post-separation fault, adultery. The Bennett court denied post-divorce alimony on the premise that the wife was guilty of pre-separation fault which had been judicially determined in the separation proceedings. In denying permanent alimony the Bennett court stated:
"However, the initial words of Article 160 require that the wife `has not been at fault,' without limitation to the divorce proceeding only, and we therefore hold that since plaintiff was found to be legally at fault in the separation, she may not now claim post-divorce alimony, despite the fault of her husband in the divorce." At 911. (Emphasis provided)
It is thus our conclusion that for the wife to be entitled to post-divorce alimony our law requires that she be free from fault both prior to the separation judgment and prior to the divorce.
Relator contends that the result reached in Bennett and which we reached here is an unconstitutional application of the language of Article 160 because it gives the husband favored treatment in the effect post-separation fault has on the payment of permanent alimony. She argues that "both husbands and wives who have obtained their legal separations and thereby have secured themselves either from or to post litem alimony may through their carelessness and moral turpitude forfeit those rights by committing adultery". She further contends that under the standards of the Louisiana Constitution of 1974, unlawful sexual discrimination exists if the husband who is at fault in the separation may deprive the wife of her right to permanent alimony because of her post-separation adultery but the wife who is at fault in the separation may not have her right to alimony restored by proving post-separation adultery of the husband.
There is no merit to this contention. The only disparate treatment of husbands and wives is in requiring husbands and not wives to pay post-divorce alimony under Article 160.[2] Relator's argument is based on a fallacious premise. She fails to realize that only husbands and not wives are obligated to pay alimony and that the husband's fault is irrelevant to the wife's right to alimony under Article 160. She erroneously assumes that an injustice results from requiring the wife to be free from fault both before the separation and before the divorce regardless of the husband's pre-separation or post-separation fault. The simple fact is that Article 160, without qualification or limitation, requires that a wife be free from fault. We therefore conclude that it is not unconstitutional to require a wife seeking alimony under Article 160 to be free from fault before both the separation and the divorce.

WIFE'S CONTENTION THAT HER PRE-SEPARATION "FAULT" WAS NOT "LEGAL FAULT" UNDER ARTICLE 160
Relator's second assignment of error is that she was not at fault prior to the separation. She argues that she was not guilty of habitual intemperance, but rather was afflicted with medical problems, alcoholism and menopause.
The trial court and the Court of Appeal properly ruled that evidence of pre-separation fault would not be considered in the wife's action for divorce. This issue had already been judicially determined in the contested separation proceedings. The wife had the opportunity to fully litigate this issue. Because she did not appeal the determination *1020 that she was at fault in the separation, the matter has been decided and she may not relitigate this issue.

Decree
For the foregoing reasons we conclude that the Court of Appeal correctly determined that relator-wife is not entitled to post-divorce alimony.
The judgment of the Court of Appeal in favor of respondent Frank W. Bruner, Jr. rejecting the demands of plaintiff Mavis Smith Bruner for permanent alimony is affirmed.
JUDGMENT OF THE COURT OF APPEAL AFFIRMED.
DIXON, J., concurs.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Our decision today banishes any remaining notion that the wife's fault, if indeed the disease of alcoholism should be so considered, must actually cause the divorce to disqualify her for alimony. In this case the alcoholic wife who successfully reformed during the "period of deliberation," which the law provides to promote reconciliations between judicial separation and divorce, was denied alimony after divorce despite the husband's open acts of adultery during this period when the law supposes that both spouses will least consider resolving their differences. Although the majority opinion is faultless in its logical deduction from the literal words of the statute, I cannot believe that it comports with the spirit of the law or that the legislature intended for courts in the interest of judicial economy to shrink from the hard decision of whether a wife's pre-separation fault actually caused the eventual divorce.
NOTES
[1] These two contentions were the only assignments of error set forth in relator's application to this Court. In brief, however, she assigns as error and argues that the Court of Appeal erred in reducing her arrearage judgment for alimony pendente lite. Upon review of that contention we find no merit in it. We are not called upon, in this case, to consider the husband's complaint that his adultery was not proven, and ancillary issues, including those relating to determination of alimony pendente lite due by him because he did not seek writs in this Court from the Court of Appeal's adverse determinations.
[2] Over a dissent by the author of this opinion and concurrences of three other members, the Court in Loyacano v. Loyacano, 358 So.2d 304 (La. 1978) on rehearing with less than a clear majority found no constitutional violation in this admittedly different treatment of men and women.