491 So.2d 5 (1986)
Jimmy Lee LAGARS
v.
Katherine Kennedy LAGARS.
No. 86-C-0334.
Supreme Court of Louisiana.
June 23, 1986.
*6 Henri Loridans, Loridans & Loridans, for applicant.
Robert Donovan, Jr., for respondent.
MARCUS, Justice.
Jimmy Lee Lagars filed suit for absolute divorce based on living separate and apart continuously for a period of one year. Katherine Kennedy Lagars answered denying that Mr. Lagars was entitled to a divorce and reconvened seeking a divorce in her favor on the ground of adultery and seeking post-divorce alimony in the amount of $750.00 per month. In her reconventional demand, Mrs. Lagars did not allege her freedom from fault in the dissolution of the marriage, and in his answer to the reconventional demand, Mr. Lagars did not assert that Mrs. Lagars was at fault.
At trial, Mr. Lagars admitted his adultery. The exact nature, extent and duration of the adulterous relationship, however, was not shown. No evidence was presented as to the precise date that the Lagars physically separated, and it is unclear whether Mr. Lagars committed adultery prior to the separation. Mrs. Lagars presented no evidence to show her freedom from fault in causing either the physical separation or the divorce of the parties, and Mr. Lagars presented no evidence to show Mrs. Lagars' fault, other than his brief statement that the separation occurred due to her "griping all the time."
The trial judge rendered a judgment in favor of Mrs. Lagars granting her a divorce on the ground of adultery, but denied her request for alimony. He reasoned that Mrs. Lagars had the burden of proving her freedom from fault, and that she failed to introduce any evidence on this issue. Mrs. Lagars' motion for a new trial was denied by the trial judge. Mrs. Lagars appealed. The court of appeal affirmed, finding that a spouse who claims post-divorce alimony must prove, by a preponderance of the evidence, freedom from fault, even though the divorce is granted because of the adultery of the other spouse. The court determined that since Mrs. Lagars failed to produce any evidence on this issue, she did not meet her burden of proof.[1] On application of Mrs. Lagars, we granted certiorari to review the correctness of that decision.[2]
The sole issue presented for our consideration is whether a spouse seeking post-divorce alimony in a suit for divorce on the ground of adultery, where there has been no judicial separation, must prove his or her freedom from fault in order to obtain post-divorce alimony.
La.Civ.Code art. 160, dealing with alimony after divorce, provides that when a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse alimony.[3] In interpreting the issue of fault, we stated in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
We have held that, under this statute respecting an award of alimony to a wife without `fault,' the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after *7 divorce simply because she was not totally blameless in the marital discord. [Citations omitted.] To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. [Citation omitted.]
Fault for purposes of post-divorce alimony preclusion is synonymous with the fault grounds for separation and divorce. Only such conduct as will entitle one spouse to a separation or divorce under La.Civ.Code arts. 138(1)-(8) or 139 is sufficient to deprive the other spouse of alimony after a final divorce. Adams v. Adams, 389 So.2d 381 (La.1980).
This court has considered the issue of fault in a proceeding for alimony when the divorce is obtained on a no-fault basis. In Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959), we held that when a husband obtains an absolute divorce under La. R.S. 9:301, based on living separate and apart for a certain, specified period of time, and a wife seeks post-divorce alimony, the wife carries the burden of establishing that she was without fault.[4]See also Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir. 1963). In Fulmer v. Fulmer, 301 So.2d 622 (La.1974), the wife obtained a judicial separation based on the husband's fault (abandonment), and the husband obtained a divorce on a no-fault basis, by reason of the expiration of the statutory period following judicial separation, without reconciliation, under La.R.S. 9:302. This court held that where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under art. 160. Thus, the husband in Fulmer was precluded from contesting his wife's right to post-divorce alimony, if she was in need, because of the judgment of separation in her favor based upon her husband's fault. See also, Nethken v. Nethken, 307 So.2d 563 (La.1975); Frederic v. Frederic, 302 So.2d 903 (La. 1974).
We also have considered the issue of fault in a proceeding for alimony when the divorce is based on the fault of the spouse from whom alimony is claimed. In Bruner v. Bruner, 364 So.2d 1015 (La.1978), the wife who sought post-divorce alimony had secured a divorce on the basis of her husband's adultery. In that case, however, a judicial separation had been granted in favor of the husband based on the wife's pre-separation fault (habitual intemperance). We held that for the wife to be entitled to post-divorce alimony our law requires that she be free from fault both prior to the separation judgment and prior to the divorce. We concluded that the wife in Bruner was not entitled to post-divorce alimony despite the divorce judgment on the ground of her husband's adultery because the judicial separation was based on her fault.
The instant case is distinguishable from Vicknair, Fulmer and Bruner. Unlike Vicknair and Fulmer, the divorce herein was secured on the basis of one spouse's fault (adultery) rather than on a no-fault basis under La.R.S. 9:301 or La.R.S. 9:302. Unlike Fulmer and Bruner, in this case, there has been no judicial separation, and thus no finding of fault at the time of separation. The instant case presents a res nova issue to this court, that is, whether a spouse seeking post-divorce alimony in a suit for divorce on the ground of adultery, where there has been no judicial separation, must prove his or her freedom from fault in order to obtain post-divorce alimony.
The courts of appeal have addressed the issue presently before us. In Smith v. Smith, 216 So.2d 391 (La.App. 3d Cir.1968), the wife, who sought post-divorce alimony, had secured a divorce based on adultery without first obtaining a judicial separation. The trial court awarded her alimony, not allowing the husband to introduce evidence of the wife's fault in an attempt to defeat her claim for alimony. On the husband's *8 appeal, the Smith court remanded the case to allow the husband to introduce evidence of the wife's cruelty or other fault and specifically stated that under art. 160 her fault would defeat her claim for post-divorce alimony even though the divorce was based on the husband's adultery. It is unclear whether the court placed the burden on the wife to prove her freedom from fault or on the husband to prove the fault of his wife.
In Brannon v. Brannon, 362 So.2d 1164 (La.App. 2d Cir.1978), another circuit court of appeal considered a request for alimony by a wife who had obtained a divorce based on her husband's adultery without a judicial separation. The Brannon court determined that in the event the wife is guilty of fault, she is not entitled to alimony even though she is entitled to a divorce because of her husband's adultery. The court found that the wife had the burden of proving freedom from fault.
We conclude that when there has been no judicial separation, a spouse claiming post-divorce alimony in an action for divorce based on adultery is entitled to alimony, if in need, if the claimant spouse obtains a judgment of divorce in his or her favor, unless the other spouse affirmatively defends and proves[5] that the claimant spouse was at fault.[6] We reach this conclusion because when there has been no judicial separation, the divorce is the first fault determination between the parties, and the judgment of divorce based on the adultery of the non-claimant spouse carries with it the implication that the claimant spouse was not at fault. This implication satisfies the burden of proof on the claimant spouse to show his or her freedom from fault under La.Civ.Code art. 160. There is a possibility, however, that the misconduct of the claimant spouse was also a cause of the separation or divorce, and the other spouse should be able to defeat the claim for alimony by affirmatively proving the fault of the claimant spouse. Hence, in the instant case, in order to defeat Mrs. Lagars' claim for post-divorce alimony, if she can show that she is in need, Mr. Lagars must affirmatively prove by a preponderance of the evidence that Mrs. Lagars was at fault under one of the grounds for separation or divorce under La.Civ.Code arts. 138(1)-(8) or 139.
Pursuant to La.Code Civ.P. art. 2164 this court may render any judgment which is just, legal and proper. Because this is a ruling on a res nova issue, we feel that the ends of justice will be best served if this case is remanded to the trial court to permit Mr. Lagars to affirmatively assert the defense that Mrs. Lagars is not entitled to alimony because she was at fault, and if he is not successful, for the trial court then to determine if Mrs. Lagars is in need and, if so, to award post-divorce alimony.

DECREE
For the reasons assigned, the judgments of the courts below are reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed and in accordance with law.
DIXON, C.J., and DENNIS, J., concur.
WATSON, J., concurs but would merely reverse and not remand.
NOTES
[1] 484 So.2d 328 (La.App. 2d Cir.1986).
[2] 486 So.2d 727 (La.1986).
[3] We recognize that currently there are two versions of La.Civ.Code art. 160. That article was amended and reenacted by Acts No. 293 and 580 of 1982. See Hegre v. Hegre, 483 So.2d 920 (La.1986). However, as to the issue of fault, they are the same.

La.Civ.Code art. 160, as amended by Acts 1982, No. 293, § 1 provides:
A. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income....
La.Civ.Code art. 160, as amended by Acts 1982, No. 580, § 1 provides:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income....
[4] Prior to 1979, only a wife could claim alimony.
[5] The listing of the named affirmative defenses in La.Code Civ.P. art. 1005 is merely illustrative. Webster v. Rushing, 316 So.2d 111 (La.1975). The defendant who pleads an affirmative defense has the burden of proving it by a preponderance of the evidence. A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728 (La.1984).
[6] This same rule would apply if a spouse, without requesting alimony, obtains a divorce on the ground of adultery, without a prior judicial separation, and later seeks alimony.