PER CURIAM.
The sole issue on this appeal is whether a wife is precluded from post-divorce alimony where her husband obtains a divorce based on the parties having lived separate and *1053 apart for six months after the rendition of a separation decree on the ground of mutual fault. LSA-R.S. 9:302(A).
The separation judgment was signed on August 23, 1984. It was not appealed and became final. The testimony admitted at that hearing was not transcribed, and only the judgment which recites that it “was based on mutual fault of the parties herein” is before us on this appeal.
The appellant-wife contends the judge who heard the divorce action erred in denying her post-divorce alimony because it was not established that her fault in the separation was sufficient to eliminate her right to alimony upon divorce. Her position is that the separation judgment does not reflect the essential finding that her fault constituted an independent ground for separation under La.C.C. art. 138.
In the absence of a transcript of the testimony or a narrative of the facts by the parties or the court pursuant to La.C.C.P. art. 2131, we must presume that the separation judgment is correct and was based on sufficient competent evidence. Succession of Cameron, 446 So.2d 948, 950 (La.App.3d Cir.1984). We conclude that there was sufficient evidence admitted at the separation hearing to establish that the wife was guilty of such fault as would constitute a ground for separation under La.C.C. art. 138; therefore, she is not entitled to permanent alimony under La.C.C. art. 141.
Aside from the clear prohibition in La.C.C. art. 141 of post-divorce alimony after a mutual fault separation, under our jurisprudence the “fault” which precludes alimony under La.C.C. art. 160 is synonymous with the fault provided as a ground for separation and divorce under La.C.C. arts. 138 and 139. Boudreaux v. Bou-dreaux, 460 So.2d 722, 723 (La.App.3d Cir.1984).
In Schexnayder v. Schexnayder, 424 So.2d 516, 517 (La.App. 5th Cir.1982) the court said:
“Clearly a finding of mutual fault at the time of separation would bar a subsequent claim for post-divorce alimony by either party. LSA-C.C. art. 141.”
Although this was dictum, as the case was decided on a different ground, we fully agree with the court’s expression of the law on the subject. ,
In an action for post-divorce alimony, the spouse seeking alimony bears the burden of proving freedom from fault. Derbes v. Derbes, 462 So.2d 302, 306 (La.App.3d Cir.1985); Smith v. Smith, 216 So.2d 391, 393 (La.App.3d Cir.1968). As noted above, there is nothing in the record to show that appellant was free from fault (especially in light of the separation being granted for mutual fault). She therefore failed to carry her burden of affirmatively proving entitlement to alimony after divorce. Perrilloux v. Perrilloux, 424 So.2d 483, 484 (La.App. 5th Cir.1982).
For the above and foregoing reasons the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.