597 So.2d 1273 (1992)
Vivianne L. WICKER, Plaintiff-Appellee,
v.
Billy Joe WICKER, Defendant-Appellant.
No. 90-1177.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Marion French, Alexandria, for plaintiff-appellee.
Hugo Holland, Jr., Shreveport, for defendant-appellant.
Before GUIDRY, J., and HOOD[*] and MARCANTEL,[*] JJ. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issues presented by this appeal are whether there was personal jurisdiction over defendant and whether defendant could introduce evidence of plaintiff's fault after a judgment of divorce, based on adultery *1274 on the part of defendant, was rendered.

FACTS
On September 5, 1980, Vivianne L. Wicker (hereinafter plaintiff) filed a petition for divorce based on the grounds of adultery of her husband, Billy Joe Wicker (hereinafter defendant). No answer was filed and a default was entered on September 26, 1980. A judgment of absolute divorce was signed on October 8, 1980. At the time of the divorce, both parties resided in Louisiana. On March 5, 1990, plaintiff filed a rule to show cause seeking alimony from defendant. Defendant filed an exception for lack of jurisdiction urging he was living in Florida when the rule was filed.
A hearing was held on both the exception and the rule on May 21, 1990. The trial judge held that there was jurisdiction over defendant since service of process was made pursuant to La.R.S. 13:3201A(6), and also held that La.R.S. 13:3201 A(6) was constitutional. The trial judge found plaintiff free from fault and awarded her permanent alimony in the amount of $525.00 per month retroactive to the date the rule was filed. A judgment on the rule was signed on August 15, 1990. Defendant appealed.

LAW
Defendant first claims that the trial court did not have personal jurisdiction over him because he is neither a resident nor a domiciliary of this state.
Service of process was made on defendant pursuant to La.R.S. 13:3201A(6), which reads as follows:
"A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
* * * * * *
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state."
Defendant claims that the application of the long-arm statute to the present case is unconstitutional because he does not have minimum contacts with this state and, therefore, exercising personal jurisdiction over him violates due process of law.
It has been held that La.R.S. 13:3201 A(6) does provide for the minimum contacts necessary to assert jurisdiction over an out-of-state defendant in its requirement that the spouses must have formerly resided together in Louisiana prior to obtaining a divorce. Willis v. Willis, 532 So.2d 477 (La.App. 1 Cir.1988), writ den., 535 So.2d 745 (La.1989); Stuckey v. Stuckey, 434 So.2d 513 (La.App. 2 Cir.1983), writ den., 440 So.2d 145 (La.1983).
In the instant case, defendant and plaintiff were married and resided together in this state until the divorce. It is clear that Louisiana had sufficient minimum contacts with defendant to establish jurisdiction over him for the purpose of awarding alimony to his former wife with whom he resided in this state.
Since this court finds that the trial court had personal jurisdiction over defendant, we now address the issue of whether the trial court should have allowed evidence of fault in the hearing on the rule.
La.C.C. art. 112,[1] which sets forth the instances in which a spouse is entitled to alimony after a divorce, reads in pertinent part as follows:
"A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or *1275 country which had no jurisdiction over the person of the claimant spouse."
In order for plaintiff to be entitled to receive permanent alimony from defendant, plaintiff must be free from fault. A granting of support to a spouse may be brought by summary proceeding. La. C.C.P. art. 2592. An answer to a rule to show cause is not required. La.C.C.P. art. 2593. Affirmative defenses which must be pled in an answer in ordinary proceedings need not be pled in summary proceedings where no answer is required. Brooks v. Brooks, 469 So.2d 378 (La.App. 2 Cir. 1985). Therefore, defendant could raise the issue of plaintiff's fault at the hearing on the rule even though he filed no answer asserting fault on the part of plaintiff as an affirmative defense.
It has been held that, where a wife did not request alimony in a suit for final divorce, fault determined in a proceeding for divorce is not conclusive for purpose of determining permanent alimony following divorce. Lagars v. Lagars, 491 So.2d 5 (La.1986); Bell v. Bell, 368 So.2d 777 (La. App. 2 Cir.1979), writ den., 371 So.2d 264 (La.1979); Smith v. Smith, 216 So.2d 391 (La.App. 3 Cir.1968). Therefore, although plaintiff was granted a divorce on the basis of her husband's adultery, she must still be free from fault to be eligible to receive permanent alimony. Plaintiff is not entitled to alimony if defendant can prove she was at fault.
Under our jurisprudence, the "fault" which precludes alimony is synonymous with the fault provided as a ground for separation and divorce under La.C.C. art. 138 and art. 139.[2]Thibodeaux v. Thibodeaux, 525 So.2d 69 (La.App. 3 Cir.1988); Fontenot v. Ardoin, 497 So.2d 1052 (La. App. 3 Cir.1986); Smith v. Smith, supra. After a review of the record, including defendant's proffer of proof, we find that there is no evidence in the record of fault on plaintiff's part that would preclude her from receiving permanent alimony. Therefore, we conclude that the trial judge was correct in finding that plaintiff was free from fault and in awarding alimony to plaintiff.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of defendant-appellant, Billy Joe Wicker.
AFFIRMED.
NOTES
[*] Judge Warren E. Hood, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] La.C.C. art. 160 was redesignated as La.C.C. art. 112 by Acts 1990, No. 1008, § 8 and Acts 1990, No. 1009, § 10 which was effective January 1, 1991, but the substance remained unchanged.
[2] La.C.C. art. 138 and art. 139 were revised as Chapter 1 of Title V effective January 1, 1991, by Acts 1990, No. 109, § 2. The subject matter of C.C. art. 138 was not continued, but this court finds that the test for spousal fault which precludes alimony remains the same. The test is now embodied in La.C.C. art. 112.