# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-332

CHRISTOPHER K. WOLFF

VERSUS

ELIZABETH B. WOLFF

\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## TWELFTH JUDICIAL DISTRICT COURT
## PARISH OF AVOYELLES, DOCKET NO. 2006-8850-A
## HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**Rodney M. Rabalais**
**Post Office Box 447**
**Marksville, Louisiana 71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Elizabeth B. Wolff**

**James T. Lee**
**Post Office Box 1021**
**Bunkie, Louisiana 71322**
**(318) 346-6616**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Christopher K. Wolff**

**GENOVESE, Judge.**

In this domestic case, Defendant, Elizabeth B. Wolff, seeks reversal of the trial court's judgment finding that she was not free from fault in the dissolution of her marriage to Plaintiff, Christopher K. Wolff, and thus precluded from final periodic spousal support. For the reasons set forth below, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Christopher K. Wolff (Mr. Wolff) and Elizabeth B. Wolff (Ms. Wolff) were married on May 19, 1990. Two children were born of the marriage. According to the record, Mr. Wolff moved out of the family residence on January 4, 2006, and on January 13, 2006, he filed a petition for divorce pursuant to La.Civ.Code art. 102. On February 17, 2006, Ms. Wolff filed an answer and reconventional demand, alleging that she was in need of interim periodic spousal support and also that she was free from fault in the break-up of the marriage for the purpose of pursuing final periodic spousal support. The parties were divorced on July 24, 2006.

On July 21, 2006, Ms. Wolff filed a motion to extend interim periodic spousal support and for final periodic spousal support. Following a trial on October 23, 2006, solely on the issue of fault, the trial court took the matter under advisement. On November 22, 2006, written reasons for ruling were issued by the trial court denying Ms. Wolff's request for final periodic spousal support. The trial court ruled that Ms. Wolff did not satisfy her burden of proving that she was free from fault in the dissolution of the marriage, based on its finding that Ms. Wolff's accusatory behavior towards Mr. Wolff rendered the marriage unsupportable. In its reasons for ruling, the trial court stated:

1

[T]his court is of the opinion that Ms. Wolff subjected Mr. Wolff to a pattern of mental harassment, nagging and griping which rendered the marriage insupportable. The nagging was accusatory in this case, and without merit. In this case, there was no conduct by Mr. Wolff which necessitated such accusations, thus the conduct by Ms. Wolff was not a legitimate "reaction" or "response" to anything. To reiterate there was nothing to indicate that Mr. Wolff's visits to "Gentlemens' [sic] Clubs was a predicate to marital strife; rather, that seemed to be his "reaction" to a failing marriage. (The dissolution of the marriage at issue is obviously via mutual fault).

Judgment in accordance with the trial court's ruling was signed on December 12, 2006. Ms. Wolff appeals.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Ms. Wolff argues that the trial court incorrectly denied her request for final periodic spousal support.

## LAW AND DISCUSSION

Ms. Wolff contends that the trial court erred in its acceptance of Mr. Wolff's testimony that she was unjustifiably jealous, accusatory, and cruel towards Mr. Wolff as a basis for finding that she was not free from fault in the break-up of the marriage. We disagree.

The statutes applicable to the award or denial of final periodic spousal support are La.Civ.Code arts. 111 and 112. Louisiana Civil Code Article 111 states:

> In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.

Louisiana Civil Code Article 112 lists various factors for the trial court's consideration in determining whether an award of final periodic spousal support is merited. Louisiana Civil Code Article 112 provides, in pertinent part, "When a spouse has not been at fault and is in need of support, based on the needs of that party

2

and the ability of the other party to pay, that spouse may be awarded final periodic support . . . ."

In seeking final periodic spousal support, Ms. Wolff bears the burden of proving that she was free from fault in the dissolution of the marriage. *Terry v. Terry*, 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d 790. "It is well settled that a trial court's factual findings regarding fault in the area of domestic relations are given great deference on review. If the trial court's findings are reasonable, i.e. not manifestly erroneous or clearly wrong, then they will not be disturbed." *Id.* at 793 (citing *Coleman v. Coleman*, 541 So.2d 1003 (La.App. 3 Cir. 1989)).

Mr. Wolff argues that Ms. Wolff was unjustifiably jealous, and years of her accusations of infidelity showed a pattern of mental harassment and cruel treatment towards him which rendered their marriage unsupportable. According to Mr. Wolff's testimony, Ms. Wolff harassed him about recurring dreams she had about him and a former schoolmate, and she accused him of having affairs with at least two women. Mr. Wolff denied ever committing adultery. Mr. Wolff contends that the evidence, or lack thereof, supports the trial court's finding that Ms. Wolff failed to prove her freedom for fault. We agree.

Ms. Wolff asserts that the trial court erred by relying on Mr. Wolff's testimony that she nagged him incessantly in concluding that she was not free from fault in the dissolution of the marriage. Ms. Wolff testified that she was a dutiful wife and mother, and that she never initiated an argument with Mr. Wolff. She claimed that not until the night before he left did Mr. Wolff ever tell her that he was unhappy with her as a wife, or that she was too jealous. He never complained about her either being a nag, being insecure, or being accusatory. In fact, Ms. Wolff denied being either

3

unreasonably jealous or unjustly accusatory. Ms. Wolff admitted to having an on-going argument with Mr. Wolff over his hiring of their mutual friend, Mrs. Charity Naquin (Mrs. Naquin); however, Ms. Wolff denied being unreasonable.

According to Ms. Wolff, Mr. Wolff was overly flirtatious and would openly flaunt his attraction to other women in front of her. Ms. Wolff admitted that on these occasions she would voice her displeasure; however, she denied overreacting, nagging, or bickering incessantly.

Mrs. Tina Ormsby (Mrs. Ormsby) testified on behalf of Ms. Wolff; however, her testimony did not corroborate Ms. Wolff's testimony. Mrs. Ormsby admitted to witnessing Ms. Wolff's jealousy and nagging. Further, she also witnessed Ms. Wolff's efforts to make Mr. Wolff angry and jealous.

Mrs. Naquin was called to testify on behalf of Mr. Wolff. Her testimony corroborated Mr. Wolff's assertion that Ms. Wolff was jealous. In fact, Mrs. Naquin testified that Ms. Wolff told her that she was not happy with Mr. Wolff because he had employed her against her (Ms. Wolff's) wishes. According to Mrs. Naquin, Ms. Wolff stated that until Mr. Wolff terminated Mrs. Naquin's employment, she, Ms. Wolff, was going to make his life "a living hell." It is noteworthy that Ms. Wolff did admit telling this to Mrs. Naquin; however, she denied actually making Mr. Wolff's life such.

"The jurisprudence attendant to Louisiana Civil Code Articles 111 and 112 emphasizes that for a claimant spouse to prove entitlement to final support, that spouse must *affirmatively prove* freedom from fault." *Floyd v. Floyd*, 03-1126, p. 5 (La.App. 3 Cir. 12/10/03), 861 So.2d 837, 840 (citing *Harrington v. Montet*, 93-984 (La.App. 3 Cir. 3/2/94), 634 So.2d 1302; *Gibson v. Gibson*, 592 So.2d 855 (La.App.

4

3 Cir.1991)).  Considering the evidence, law, and jurisprudence, we do not find that the trial court clearly erred or was manifestly erroneous in finding that Ms. Wolff failed to affirmatively prove her freedom from fault and that her continued pattern of mental harassment rendered their marriage insupportable.

## DECREE

For the foregoing reasons, the judgment denying Ms. Wolff final periodic spousal support is affirmed.  Costs of this appeal are assessed against Defendant/Appellant, Elizabeth B. Wolff.

**AFFIRMED.**