# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-675


ROBYN BROOK HODGES

VERSUS

KENNETH LANE MILLER


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-3887-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy and James T. Genovese, Judges.


**REVERSED IN PART AND REMANDED.**

David L. Carriere
322 South Market Street
Opelousas, LA   70570
(337) 948-6217
COUNSEL FOR PLAINTIFF/APPELLEE:
        Robyn Brook Hodges

Robert T. Knight
1900 North 18th Street, Suite 212
Monroe, LA   71201
(318) 323-2213
COUNSEL FOR DEFENDANT/APPELLANT:
        Kenneth Lane Miller

AMY, Judge.

The trial court granted the parties a divorce upon their having lived separate and apart for more than six months. The trial court subsequently heard the wife's rule for interim spousal support and for final periodic spousal support, awarding both. The award for final periodic spousal support was entered pursuant to the trial court's determination that the wife was free from fault in the dissolution of the marriage. The husband appeals, asserting that the trial court erred in precluding him from presenting evidence as to the wife's fault. For the following reasons, we reverse the award of final periodic spousal support and remand for further proceedings.

## Factual and Procedural Background

Robyn Brook Hodges filed an initial petition for divorce and determination of incidental matters against her husband, Kenneth Lane Miller. She sought interim spousal support at that time. Mr. Miller answered the petition on September 11, 2006, advancing in a reconventional demand that the parties had been living separate and apart for a period of six months or more, and, therefore, divorce was appropriate pursuant to La.Civ.Code art. 103.[1] In her answer to the reconventional demand, Ms. Hodges admitted that she and Mr. Miller had been living separate and apart as alleged. She further answered and alleged entitlement to an award of final periodic spousal support.

The trial court signed a judgment of divorce on January 29, 2007, reserving Ms. Hodges claim for spousal support. Three days earlier, on January 26, 2007, Ms.

---

[1] Article 103 provides:

Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:

(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed[.]

Hodges filed a rule for determination of interim spousal support and for final periodic spousal support. The matter of spousal support was heard by the trial court in June 2007. Ms. Hodges presented testimony as to the parties' incomes and further testified as to the reason for the dissolution of the marriage. After she rested her case, Mr. Miller's attorney called him to stand. Ms. Hodges' attorney objected when Mr. Miller's attorney attempted to question Mr. Miller as to the reason the couple "parted ways." The trial court sustained the objection, stating that Mr. Miller had failed to plead fault on the part of Ms. Hodges.

The trial court ultimately ruled in favor of Ms. Hodges, awarding interim periodic spousal support through the date of trial, subject to payments made. The trial court further determined Ms. Hodges to be free from fault in the dissolution of the marriage, and awarded final periodic spousal support from the date of trial. The trial court subsequently denied Mr. Miller's motion for new trial.

Mr. Miller filed the instant appeal, questioning the trial court's refusal to permit testimony related to Ms. Hodges' fault in the dissolution of the marriage. He also questions the trial court's denial of the motion for new trial.[2]

## Discussion

In her presentation of evidence, Ms. Hodges testified as to a number of factors she believed contributed to the dissolution of the marriage. However, in his own presentation of evidence, the trial court sustained counsel's objection to Mr. Miller testifying as to fault. Mr. Miller questions this ruling in his first assignment of error, noting that Ms. Hodges had the burden or proving her freedom from fault.

_____

[2] Ms. Hodges' motion to dismiss appeal as untimely was denied by a panel of this court on July 30, 2008.

Louisiana Code of Civil Procedure Article 111 provides, in pertinent part, that "the court . . . may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage[.]" The party seeking final periodic spousal support bears the burden of proving that he or she is free from fault in the dissolution of the marriage. *Wolff v. Wolff*, 07-332 (La.App. 3 Cir. 10/3/07), 966 So.2d 1202; *Floyd v. Floyd*, 03-1126 (La.App. 3 Cir. 12/10/03), 861 So.2d 837. Furthermore, a claimant spouse "does not establish his or her entitlement to final support merely by proving that the other spouse was at fault–instead, the claimant spouse must *affirmatively prove* his or her own freedom from fault that caused the break-up of the marriage." *Floyd*, 861 So.2d at 839.

Mr. Miller's counsel called him to the stand and inquired why he and Ms. Hodges "parted ways." Ms. Hodges' attorney objected, stating:

> If I may I want to object at this time that I particularly asked in discovery and I'll offer and introduce it into evidence, if necessary, what witnesses were intended to be called today and a brief description of the facts they intend to establish by their testimony and the name and occupation of any other witness, and the only thing that counsel provided was Kenneth Miller's name. He provided no information as to what he intended to testify to. I have no problem with the financial aspects because I brought that up, but he gave me no notice whatsoever he intended to go into the issue of fault.[3]

After Mr. Miller's attorney responded that "this is a fault hearing," the following exchange occurred with the trial court:

> THE COURT: It may be a fault hearing. Actually what it is, it's an interim spousal support and final spousal support hearing. It didn't say fault hearing. I see nothing in the pleadings which indicate that you intended to allege fault on the young lady's part and I believe [that the] objection goes to expansion of the pleadings and requesting that you not be allowed to do so. So I need for you to point out to me

---

[3] The interrogatories referenced by counsel were not introduced into evidence.

where in your pleadings do you allege any type of fault and particularly with response to the interrogatories in question.

[Counsel for Mr. Miller]: Your Honor, they've alleged that they're free from fault and they brought up the aspect of her being a good wife, a dutiful wife, and I believe that that opens up the door for us to talk about the dissolution of the marriage.

THE COURT: We've got fact pleading in the State of Louisiana. Right now I'm telling you I don't agree with that. You're going to have to do something else to convince me. I think it's pretty- Louisiana law is pretty clear. You've got to make an allegation of fault at some point, or you at least allege that she is not free from fault. And I don't even see that in the pleadings. Is it there somewhere?

. . . .

THE COURT: So the objection is sustained.

As previously stated, the claiming spouse must demonstrate freedom from fault. Ms. Hodges presented evidence as to her assertion that she was free of fault. Thus, Mr. Miller was entitled to rebut that evidence, without the necessity of pleading same. Rather, Ms. Hodges requested final periodic spousal support in an answer to Mr. Miller's reconventional demand for divorce and in a rule to show cause why she should not be awarded spousal support. As explained in *Wicker v. Wicker*, 597 So.2d 1273 (La.App. 3 Cir. 1992), an answer to a rule to show cause is not required pursuant to La.Code Civ.P. art. 2593. Thus, a spouse contesting the imposition of spousal support can "raise the issue of plaintiff's fault at the hearing on the rule even though he filed no answer asserting fault on the part of plaintiff as an affirmative defense." *Id.* at 1275. Accordingly, the trial court erred in prohibiting Mr. Miller from presenting evidence in this regard, and the motion for new trial on the issue of final periodic spousal support would have been appropriately granted. Thus, we reverse the judgment insofar as it awarded final periodic spousal support and remand for a new trial on this sole issue.

4

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed insofar as it awarded final periodic spousal support to the appellee, Robyn Brook Hodges. This matter is remanded for a new trial on this issue. Costs of this appeal are assigned to Ms. Hodges.

**REVERSED IN PART AND REMANDED.**