STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-692

RHONDA HENRY

VERSUS

DON E. HENRY

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,887 "D"
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

AFFIRMED.

Thomas D. Davenport, Jr.
The Davenport Firm, APLC
1628 Metro Drive
Alexandria, Louisiana  71301
(318) 445-9696
Counsel for Defendant/Appellant:
      Don E. Henry

Charles O. LaCroix
LaCroix, Levy and Barnett, LLC
1101-B Bolton Avenue
Post Office Box 1105
Alexandria, Louisiana  71309-1105
(318) 443-7615
Counsel for Plaintiff/Appellee:
      Rhonda Henry

**GENOVESE, Judge.**

In this domestic case, Defendant, Don E. Henry, seeks reversal of the trial court's judgment finding that Plaintiff, Rhonda Henry, was free from fault in the dissolution of the parties' marriage, thereby making her eligible to receive final periodic spousal support. For the reasons set forth below, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Don E. Henry (Mr. Henry) and Rhonda Henry (Ms. Henry) were married on May 12, 1983. On July 30, 2004, Ms. Henry filed a Petition for Absolute Divorce pursuant to La.Civ.Code art. 102, which asserted that the parties separated on July 12, 2004. On February 2, 2005, Mr. Henry filed a Motion for Divorce. A Judgment of Divorce was rendered and signed by the trial court on February 28, 2005.

On March 31, 2005, Ms. Henry filed a Rule for Final Support, alleging that she was free from fault in the break-up of the parties' marriage and also that she was in need of spousal support. Trial on the issue of final periodic spousal support began on July 11, 2005, and concluded with a second day of testimony on March 10, 2008,[1] after which the trial court took the matter under advisement. On March 28, 2008, written reasons for judgment were issued by the trial court granting Ms. Henry's request for final periodic spousal support. In its reasons for ruling, the trial court stated:

> At the show cause hearing on Rhonda Henry's request for final spousal support, Don Henry argued that the petitioner was not entitled to final spousal support because her gambling and gross financial mismanagement made her "at fault," and, as a result, she is barred from

---

[1]We note that this matter began on July 11, 2005 before Honorable John C. Davidson; however, Honorable Donald T. Johnson heard the remainder of the testimony on March 10, 2008, and rendered the subsequent judgment in this matter.

receiving final spousal support under La.[Civ.Code] art. 112. This court finds that the respondent's argument lacks merit. Gambling or gross mismanagement is not a sufficient justification to trigger the no-fault requirement under La.[Civ.Code] art. 112.

Judgment in accordance with the trial court's ruling was signed on April 22, 2008. Mr. Henry appeals.

## ISSUE

The sole issue presented for our review is whether the trial court erred in granting Ms. Henry's claim for final periodic spousal support.

## LAW AND DISCUSSION

In seeking final periodic spousal support, Ms. Henry bears the burden of proving that she was free from fault in the dissolution of the marriage. *Terry v. Terry*, 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d 790. "It is well settled that a trial court's factual findings regarding fault in the area of domestic relations are given great deference on review. If the trial court's findings are reasonable, i.e. not manifestly erroneous or clearly wrong, then they will not be disturbed." *Id*. at 793 (citing *Coleman v. Coleman*, 541 So.2d 1003 (La.App. 3 Cir. 1989)).

As set forth by this court in *Wolff v. Wolff*, 07-332, pp. 2-3 (La.App. 3 Cir. 10/3/07), 966 So.2d 1202, 1204:

> The statutes applicable to the award or denial of final periodic spousal support are La.Civ.Code arts. 111 and 112. Louisiana Civil Code Article 111 states:
>
> > In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.
>
> Louisiana Civil Code Article 112 lists various factors for the trial court's consideration in determining whether an award of final periodic spousal

2

support is merited. Louisiana Civil Code Article 112 provides, in pertinent part, "When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support . . . ."

Mr. Henry argues that the trial court erred in its ruling that gambling does not constitute fault. In his brief, Mr. Henry asserts that the evidence was clear that "[Ms. Henry's] marriage was second to her gambling habit."

Ms. Henry contends that Mr. Henry left her on July 12, 2004, after admitting to her that he was having an affair. Ms. Henry subsequently filed for a divorce on July 30, 2004. Ms. Henry asserts that until this time she was not at fault for the breakup of the parties' marriage.

On the first day of trial, Mr. Henry testified that on the day that he left the matrimonial domicile, he did tell Ms. Henry that he was having an affair.[2] According to Mr. Henry's own admission, this occurred *prior to* his discovery of Ms. Henry's alleged gambling. Mr. Henry admitted that the financial problems occurred after the alleged affair and that he was not aware of any alleged gambling problem until after he abandoned Ms. Henry.

Based on our review of the record, we find no clear error in the trial court's ruling. There is no evidence in the record to support the finding that Ms. Henry was not free from fault prior to the filing of the proceeding to terminate the marriage as required by La.Civ.Code art. 111.

---

[2]Though he admitted this was the story he told her, Mr. Henry denied that an actual affair occurred. Instead, Mr. Henry claimed that he told Ms. Henry he was having an affair after she repeatedly questioned him about being unfaithful and accused him of being unfaithful.

**DECREE**

For the foregoing reasons, the judgment awarding Rhonda Henry final periodic spousal support is affirmed. Costs of this appeal are assessed against Defendant/Appellant, Don E. Henry.

**AFFIRMED.**