RAYMOND D. CORMIER
v.
RAYNELL D. CORMIER
No. CA 08-1119.
Court of Appeals of Louisiana, Third Circuit.
March 4, 2009.
Not Designated for Publication
WILLIAM CHARLES VIDRINE, VIDRINE & VIDRINE Counsel for Defendant/Appellant: Raynell D. Cormier.
D. REARDON STANFORD, HOYT & STANFORD, L.L.C. Counsel for Plaintiff/Appellee: Raymond D. Cormier.
Court composed of AMY, EZELL, and GENOVESE, Judges.
EZELL, JUDGE.
Raynell Cormier appeals the ruling of the trial court that she failed to prove freedom from fault in her divorce with Raymond Cormier, thus preventing her from receiving permanent spousal support. For the following reasons, we affirm the decision of the trial court.
Mr. and Mrs. Cormier were married in August of1980 and had one child, who has reached majority. Mr. Cormier retired from his job in 2003. At that time, the couple began to fight frequently due to the extra amount of time they were together. Mr. Cormier filed for and was granted a divorce in December of2007. Mrs. Cormier sought permanent spousal support, which the trial court denied upon finding that she had failed to prove that she was free from fault in the divorce. From that decision, Mrs. Cormier appeals.
Mrs. Cormier asserts one assignment of error on appeal, that the trial court erred in finding that statements made in the heat of arguments amounted to cruel treatment. We disagree.
"In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party . . . free from fault prior to the filing of a proceeding to terminate the marriage. . . ." based on the needs of that party and the ability of the other party to pay. La.Civ.Code arts. 111 and 112.
"Fault is a threshold issue in a claim for spousal support." Roan v. Roan, 38,383, p. 6 (La.App. 2 Cir. 4/14/04), 870 So.2d 626, 631. Revision Comment (c) of 1997 to La.Civ.Code art. 111 notes that fault continues to mean misconduct that rises to the level of one of the previously existing fault grounds for legal separation or divorce. Jones v. Jones, 35,502, 35,503 (La.App. 2 Cir. 12/5/01) 804 So.2d 161; Allen v. Allen, 94-1090 (La. 12/12/94), 648 So.2d 359. Legal fault may include cruel treatment, as is claimed in this matter.
The burden is on the claimant spouse to "affirmatively prove" freedom from fault. Wolff v. Wolff, 07-332, p.4 (La.App. 3 Cir. 10/3/07), 966 So.2d 1202, 1205. Thus, in seeking final periodic spousal support, Mrs. Cormier bears the burden of proving that she was free from fault in the dissolution of the marriage. Terry v. Terry, 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d 790, writ not considered, 07-928 (La. 6/22/07), 959 So.2d 486. "It is well settled that a trial court's factual findings regarding fault in the area of domestic relations are given great deference on review. If the trial court's findings are reasonable, i.e. not manifestly erroneous or clearly wrong, then they will not be disturbed." Id. at 793 (citing Coleman v. Coleman, 541 So.2d 1003 (La.App. 3 Cir.1989)).
In this case, Mrs. Cormier admitted to stating that she told Mr. Cormier that he should cut off his own head. Mr. Cormier testified that she had also told him several times a week that he should hang or shoot himself. He stated that she wanted him to get an offshore job because she wanted him gone from their house and that they had not had sex in over a year. The trial court found that Mr. Cormier was more credible than Mrs. Cormier and obviously believed his testimony, which was mainly uncontradicted or even supported by Mrs. Cormier. The record shows that there is no error in the trial court's decision that Mrs. Cormier failed to prove that she was free from fault in this divorce.
For the above reasons, we hereby affirm the trial court's decision. Costs of this appeal are assessed against Mrs. Cormier.
AFFIRMED.