NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-1324

SETH SCARBOROUGH

VERSUS

DORA MARIA YBANEZ

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 234,107, DIVISION A
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain,\* Judges.

**AFFIRMED.**

Howell D. Jones, IV
Law Firm of Howell D. Jones, IV
Post Office Box 14558
Alexandria, Louisiana 71315
(318) 442-1515
COUNSEL FOR DEFENDANT-IN-RULE/APPELLANT:
    Seth Scarborough

Tamara S. Battles
1605 Murray Street, Suite 124
Alexandria, Louisiana 71301
(318) 449-8849
COUNSEL FOR PLAINTIFF-IN-RULE/APPELLEE:
    Dora Maria Ybanez

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**GENOVESE, Judge.**

In this domestic case relative to final periodic support, Defendant-in-Rule/Appellant, Seth Scarborough, appeals the trial court's judgment denying his motion for involuntary dismissal on the issue of fault. Mr. Scarborough also appeals the trial court's judgment that Plaintiff-in-Rule/Appellee, Dora Maria Ybanez, was entitled to final periodic support in the amount of $1,500.00 per month. For the reasons set forth below, we affirm the judgment of the trial court in all respects.

## FACTS

Seth Scarborough (Mr. Scarborough) and Dora Maria Ybanez (Ms. Ybanez) were married on October 1, 2005. According to the record, Mr. Scarborough filed for divorce pursuant to La.Civ.Code art. 103 on February 11, 2009. Ms. Ybanez filed an answer and reconventional demand, alleging that she was free from fault prior to Mr. Scarborough's filing of the petition for divorce and that she was in need of support because she was undergoing treatment for breast cancer which rendered her unable to work. The parties were divorced on June 15, 2009.

Following a trial on August 17, 2009, the trial court ruled that Ms. Ybanez satisfied her burden of proving that she was free from fault in the dissolution of the marriage and awarded her final periodic support in the amount of $1,500.00 a month. Judgment in accordance with the trial court's ruling was signed on August 21, 2009. Mr. Scarborough appeals.

## ISSUES

We must decide whether the trial court erred in denying Mr. Scarborough's motion for involuntary dismissal and whether the trial court erred in awarding Ms. Ybanez $1,500.00 per month as final periodic support.

## LAW AND DISCUSSION

### *Motion for Involuntary Dismissal*

At the close of Ms. Ybanez's case-in-chief, Mr. Scarborough orally moved for an involuntary dismissal on the issue of fault. He argued that Ms. Ybanez had not offered any testimony as to her freedom from fault.

Louisiana Code of Civil Procedure Article 1672(B) governs the procedure for making a motion for involuntary dismissal and sets forth the appropriate standard for either granting or denying said motion as follows:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

We review a trial court's judgment on a motion for involuntary dismissal under a manifest error standard. *Gold, Weems, Bruser, Sues & Rundell v. Granger*, 06-859 (La.App. 3 Cir. 12/29/06), 947 So.2d 835, *writ denied*, 07-421 (La. 4/27/07), 955 So.2d 687.

At trial, Ms. Ybanez testified that she was a dutiful wife who, at times, worked three jobs while Mr. Scarborough's job required him to mostly work out of town. When she was not working during the week, Ms. Ybanez would travel to wherever Mr. Scarborough was working to spend time with him. According to Ms. Ybanez, she discovered a lump in her breast in October of 2008 and told Mr. Scarborough of her discovery. She claims that soon thereafter, while attempting to have a prescription filled, she discovered that Mr. Scarborough had cancelled her health insurance. Ms. Ybanez contends she had no indication that Mr. Scarborough was

2

unhappy in their marriage until February of 2009 when he called and informed her that he did not love her and that he wanted a divorce.

In ruling on the motion for involuntary dismissal, the trial court relied solely upon the testimony offered by Ms. Ybanez. The trial court elaborated:

> [Ms. Ybanez] said that he called her and told her he didn't love her, and he left on that basis. And as to the need, that's obvious that it - - it exists. This woman has lost her health [insurance], and she's definitely in a position of needing assistance. The question, really, is how much; unless your client takes the stand here and tells me something she didn't say . . . that would show that she is at fault.

"It is well settled that a trial court's factual findings regarding fault in the area of domestic relations are given great deference on review. If the trial court's findings are reasonable, i.e. not manifestly erroneous or clearly wrong, then they will not be disturbed." *Terry v. Terry*, 06-1406, p. 4 (La.App. 3 Cir. 3/28/07), 954 So.2d 790, 793 (citing *Coleman v. Coleman*, 541 So.2d 1003 (La.App. 3 Cir. 1989)). Ms. Ybanez testified that she felt she had a good marriage but that Mr. Scarborough left her and sought a divorce because he did not love her anymore. Specifically, as to the issue of fault, when asked by her attorney if there were any other circumstances that may have led to the separation, she responded, "No, not at that time . . . ." Affording the trial court great discretion in weighing the credibility of Ms. Ybanez and in accepting her recitation of how and why the marriage ended, we do not find manifest error in the trial court's determination that Ms. Ybanez was free from fault or in its subsequent denial of Mr. Scarborough's motion for involuntary dismissal.

***Final Periodic Support Award***

The statutes applicable to the award or denial of final periodic support are La.Civ.Code arts. 111 and 112. Louisiana Civil Code Article 111 provides, in pertinent part, "In a proceeding for divorce or thereafter, the court . . . may award

3

final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles." Louisiana Civil Code Article 112 provides, in pertinent part, "When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support . . . ."

In her request for periodic spousal support, Ms. Ybanez bears the burden of proving that she was free from fault in the dissolution of her marriage to Mr. Scarborough. *See Hodges v. Miller*, 08-675 (La.App. 3 Cir. 12/10/08), 998 So.2d 906 (citing *Wolff v. Wolff*, 07-332 (La.App. 3 Cir. 10/3/07), 966 So.2d 1202; *Floyd v. Floyd*, 03-1126 (La.App. 3 Cir. 12/10/03), 861 So.2d 837). Mr. Scarborough, in brief, argues that Ms. Ybanez "offered no testimony as to her freedom from fault in the breakup of the marriage" and that she "offered no documentation or evidence of her expenses or need." Further, Mr. Scarborough contends that his "income and expense affidavit, which was stipulated [to] by the parties and uncontested at trial, reveals a negative income each month[.]" Therefore, he refutes the trial court's finding that he has the ability to pay Ms. Ybanez $1,500.00 per month in final periodic support.

Having previously recited the testimony elicited from Ms. Ybanez on the issue of fault, we find it unnecessary to replicate Ms. Ybanez's testimony to address Mr. Scarborough's argument that Ms. Ybanez did not prove her freedom from fault.

Mr. Scarborough denied having knowledge that Ms. Ybanez had discovered a lump in her breast in October of 2008. In fact, Mr. Scarborough testified that he cancelled the family's health insurance coverage because he could no longer afford

4

said coverage. According to Mr. Scarborough, he did not learn of Ms. Ybanez's breast cancer until either February or March of 2009. Mr. Scarborough testified that he married Ms. Ybanez "for the kids.[1] We both agreed, several times, that after the kids graduated from high school, that we would be done."

The evidence reveals that Ms. Ybanez has an obvious need for support due to her inability to work as a consequence of her ongoing cancer treatment. She testified that she had no health insurance and that she had incurred exorbitant medical bills resultant from her mastectomy, chemotherapy, and radiation treatments. She further testified that her medical bills exceeded $70,000.00 and that she had an $800.00 monthly home mortgage note, household expenses, utilities, a car note, and car insurance. This was not disputed. The record contains Mr. Scarborough's Affidavit Declaring Income and Expenses which indicates that his total gross monthly income is $5,724.33. According to Mr. Scarborough, his monthly expenses exceed his income, and, therefore, he is unable to pay Ms. Ybanez anything in final periodic support. The trial court disagreed.

In determining the final periodic support award, trial court ruled that "because of [Mr. Scarborough's] earning capacity . . . it is practical and within the bounds to order that he pay [Ms. Ybanez] Fifteen Hundred Dollars a month in spousal support."

"The trial court is vested with great discretion in making [spousal support] determinations, and its judgment will not be disturbed absent a manifest abuse of discretion." *Knowles v. Knowles*, 02-331, pp. 6-7 (La.App. 3 Cir. 10/2/02), 827 So.2d 642, 647 (quoting *Goodnight v. Goodnight*, 98-1892 (La.App. 3 Cir. 5/5/99), 735 So.2d 809). Our review of the evidence in the record reveals no clear abuse of

---

[1]Ms. Ybanez has two children, each of whom had attained the age of majority before the trial of this matter.

5

discretion by the trial court in awarding Ms. Ybanez final periodic support in the amount of $1,500.00 per month.  We find no error in the trial court's determination as to either Ms. Ybanez's freedom from fault or her need for support.

## DECREE

For the foregoing reasons, the judgment of the trial court finding Ms. Ybanez free from fault in the dissolution of the marriage and awarding her final periodic support in the amount of $1,500.00 per month is affirmed.  Costs of this appeal are assessed against the Defendant-in-Rule/Appellant, Seth Scarborough.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.