NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-330

THERON PITRE

VERSUS

TERRI GREENE PITRE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20103227
HONORABLE ANNE L. SIMON, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Chief Judge Ulysses Gene Thibodeaux, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Cynthia C. LeBourgeois
239 La Rue France
Lafayette, LA 70508
(337)232-2320
COUNSEL FOR DEFENDANT/APPELLANT:
Terri Greene Pitre

Richard D. Mere
P.O. Box 3301
Lafayette, LA 70502-3301
(337)269-5555
COUNSEL FOR PLAINTIFF/APELLEE:
Theron Pitre

**PAINTER, Judge.**

Defendant, Terri Greene Pitre, appeals the judgment finding that she was not free from fault in the break-up of her marriage to Plaintiff, Theron Pitre, and terminating her spousal support. Finding no manifest error in the trial court's determinations, we affirm.

## FACTS AND PROCEDURAL HISTORY

Terri and Theron were married on June 19, 1995. They separated on April 12, 2010, and Theron filed a petition for divorce. Terri was a stay-at-home mom who cared for the couple's autistic son. She alleged that she was not at fault in the break-up of the marriage and asked for interim and periodic final spousal support. A judgment granting the divorce was signed July 21, 2011. The parties were awarded joint custody of their son, with Terri being designated as the primary domiciliary parent. Theron was ordered to pay $1,158.00 per month in child support and $1,600.00 per month in interim spousal support. A trial on the issue of spousal support was held on October 13, 2011. The trial court found that Terri was not free from fault in the break-up of the marriage because it did not find any justification for Terri's expressions of jealousy and instead found her expressions of jealousy to be excessive and abusive based on the testimony of several witnesses. All spousal support was terminated. Terri appealed, asserting that the evidence established that her actions were reasonable, excusable, and justified reactions to well-founded suspicions of infidelity and, therefore, did not constitute not legal fault barring her from receiving spousal support. We find no merit in Terri's assignment of error and affirm the trial court's judgment for the reasons that follow.

## DISCUSSION

The sole issue for our review is whether the trial court erred in finding that Terri was not entitled to final periodic spousal support. Terri bears the burden of proving that she was free from fault in the dissolution of the marriage and is thus

entitled to final periodic spousal support. *Henry v. Henry*, 08-692 (La.App. 3 Cir. 12/10/08), 999 So.2d 255.

In *Pearce v. Pearce*, 348 So.2d 75, 78 (La.1977), the Louisiana Supreme Court stated:

> In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. *Trosclair v. Trosclair*, 337 So.2d 1216 (La.App. 1st Cir. 1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. *Gilberti v. Gilberti*, 338 So.2d 971 (La.App. 4th Cir. 1976).

The manifest error standard of review is applicable in this case, and we cannot set aside the trial court's findings of fact unless they are clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993).

> As set forth by this court in *Wolff v. Wolff*, 07-332, pp. 2-3 (La.App. 3 Cir. 10/3/07), 966 So.2d 1202, 1204:
>
> > The statutes applicable to the award or denial of final periodic spousal support are La.Civ.Code arts. 111 and 112. Louisiana Civil Code Article 111 states:
> >
> > > In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.
> >
> > Louisiana Civil Code Article 112 lists various factors for the trial court's consideration in determining whether an award of final periodic spousal support is merited. Louisiana Civil Code Article 112 provides, in pertinent part, "When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support...."

*Henry*, 999 So.2d at 257.

Terri argues that the trial court erred in finding that her behavior constituted fault such that it disqualified her from final periodic spousal support. She asserts that

her "actions, concerns and suspicions were reasonable, justified and excusable reactions to her husband's pattern of behavior, as said behaviors would lead any reasonable person to conclude that their spouse had strayed from the marital commitment." She alleges that Theron abandoned their marriage due to his attraction to and developing relationship with Denise LeBlanc, the woman to whom Theron is currently married. Theron, on the other hand, asserts that the trial court was correct in its conclusion that Terri's actions were not justified and amounted to fault.

The trial court heard testimony from Terri; Theron; Mike Reinberger, Theron's supervisor at Acadiana Bottling; Brian Primeaux, a neighbor of Terri and Theron; Bambi Polotzola, a member of the Autism Society of Acadiana; Derwin Pitre, Theron's brother; and Michelle Meyer, a member of the Autism Society of Acadiana.

Mike Reinberger testified that although Theron worked with female employees, he never saw him being flirtatious or acting inappropriately with them. Brian Primeaux testified that he and Theron attended sporting events together and that Terri would badger Theron about what time he got home and that he felt sorry for Theron. Bambi Polotzola testified that she was accused of having an affair with Theron but that there was no such affair. Derwin Pitre testified as to Terri's jealous behavior.

Theron testified that Terri always had a problem if he had contact with female employees at Acadiana Bottling. She would call and berate him. He further testified that if he was unable to leave work to attend his son's medical appointments or therapies, Terri would threaten him and become enraged. He also testified that he is Terri's third husband and that he and Terri began their relationship when Terri was still married to her second husband. Theron further testified that Terri was constantly accusing him of being unfaithful to her and of looking at other women.

Terri testified that Theron was always flirtatious and that he always looked at other women. She further testified that she gave Theron a lot of freedom to do as he wished. It was also Terri's testimony that Theron suggested liaisons with third

3

parties, that he spent a lot of time on the computer, and began spending less time at home.

Other than Terri's testimony regarding her suspicions, there was no testimony to suggest that Theron was actually having an affair or that he behaved inappropriately with other women. "Mere uncorroborated testimony of one spouse as to the other spouse's alleged acts, contradicted by the accused spouse, where the credibility of neither is attacked, will not constitute a preponderance of the evidence." *Jenkins v. Jenkins*, 441 So.2d 507, 510 (La.App. 2 Cir.1983), *writ denied*, 444 So.2d 1223 (La.1984).

The trial court concluded that there was no justification for Terri's expressions of jealousy and found them to be excessive and abusive. Accordingly, the trial court found that Terri was not free from fault. Based upon our review of the record, we find no clear error in the trial court's ruling. The trial court was in the best position to determine the credibility of the witnesses, and we cannot second-guess that determination.

## DECREE

There is no manifest error in the trial court's judgment. Therefore, the judgment in favor of Plaintiff, Theron Pitre, is affirmed. All costs of this appeal are assessed to Defendant/Appellant, Terri Greene Pitre.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.